Graham, J.
INTRODUCTION
Plaintiff, Jayne A. Mason (“Mason”), brought this action against her former employer, Pegasystems, Inc., and her immediate supervisor, Ira Vishner (“Vishner”), alleging discrimination under G.L.c. 151B. Mason claims that the defendants violated G.L.c. 151B in three separate ways; failing to reasonably accommodate her cataract condition, failing to make reasonable accommodations in light of her asthma condition, and terminating her employment because she suffered from Chronic Fatigue Syndrome (“CFS”). The defendants have moved for summary judgment offering four reasons why summary judgment should be entered in their favor.[2] First, the defendants argue that Mason is not a “qualified handicapped person” within the purview of G.L.c. 151B, because she applied for and was granted total disability benefits. Second, the defendants argue that Mason is not a “qualified handicapped person” within the purview of G.L.c. 151B, because CFS reduces her daily activity to less than 50% and she is unable to perform essentialjob duties. Third, the defendants argue that Mason’s desire to work at home is not a reasonable accommodation. Fourth, the defendants argue that Mason has not demonstrated that the alleged discrimination or eventual *510 termination was based upon her handicap. For the following reasons, defendants’ motion for summary judgment is DENIED as to Mason’s claims based upon her asthma and CFS conditions, but ALLOWED as to Mason’s claim based upon her cataract condition.
FACTS
Viewing the evidence in a light most favorable to Mason, a jury could find the following facts:
In May, 1993, Mason responded to an advertisement by Pegasystems, Inc., seeking a “Renaissance Writer/Editor.” During the application process, Mason advised Vishner that she suffered from severe, steroid dependent asthma, which affected her ability to work early mornings. Vishner responded that her condition would not be a problem as Pegasystems, Inc., had a flexible-hours policy. Mason also advised Vishner that she had cataracts as a result of taking steroids for her asthma and needed to be able to control the lighting in her office. Vishner suggested that would not be problematic and Mason started employment with Pegasystems, Inc., on June 29, 1993.
1. Cataract Condition
During the course of her employment, Mason had her own office and could control the lighting. Mason’s request for a desk lamp, however, was denied. In August, 1993, another employee shared Mason’s office and the use of fluorescent lights became problematic. Mason’s additional request for a desk lamp was denied. The fluorescent lights above Mason’s desk, however, were unplugged. At her performance evaluations in October, 1993, and again in January, 1994, Mason brought up the subject of the lighting and her vision. Either soon after the October, 1993, or January, 1994, review, Mason was provided a glare screen for her computer. Mason’s request to change offices, however, was denied. Also in January, 1994, Mason advised Alan Trefler, President of Pegasystems, Inc., that she could not complete a project on time because she was unable to see the print on her screen. As a result, Mr. Trefler visited her office and attempted to adjust the print on her computer screen.
2. Asthma Condition
At Mason’s January, 1994, review, Vishner criticized her work schedule and stated that “missed mornings resulted in missed opportunities." Mason would often arrive at work between 10:00 am and noon, and Vishner asked her if she could arrive before 10:00am. Vishner commented that Mason averaged less than a forty-hour work week and “did not put in the extra effort needed to complete her goals this quarter.” Mason advised Vishner that her asthma required her to work a later schedule. In April, 1994, at Mason’s next performance evaluation, Vishner again criticized her late arrival and the fact that she missed deadlines. Vishner acknowledged that Mason was “combating the effects of extended sicknesses,” but stated that “things have gotten worse.”
3.CFS Condition
Mason first experienced unusual fatigue in February and March 1, 1994. These symptoms resulted in Mason’s absence from work. On April 19, 1994, Mason fainted while at work and later consulted a doctor. Mason did not return to work at Pegasystems, Inc. On May 3, 1994, while on medical leave, Mason sent an e-mail message to Vishner stating that there were three possible causes of her problems; fibromyalgia, CFS, or an immune or hormonal deficiency arising from her asthma-related steroid use. On May 6, 1994, Vishner advised Mason that she was being terminated and sent out a follow-up letter dated that same day.
DISCUSSION
A. Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). A party, in a civil action moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
B. Analysis
Massachusetts General Laws Chapter 151B provides that it shall be unlawful for an employer or its agent to discriminate against a qualified handicapped person who is capable of performing her essential job function with reasonable accommodation. G.L.c. 151B, §4(16). A “qualified handicapped person” is defined as “a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap.” Cox v. New England Telephone & Telegraph Co., 414 Mass. 375, 381 (1993); G.L.c. 151B, §1(16). To prove Mason’s claim of disparate handicap discrimination in violation of G.L.c. 15IB, she must “first establish a prima facie case by producing evidence that she is a handicapped person, that, in spite of her handicap she is qualified for the position from which she was fired, and that she was fired solely because of her handicap.” Garrity v. United Airlines, Inc., 421 Mass. 55, 60 (1995).
1. “Qualified Handicapped Person” and Disabilify Benefits
The defendants argue that Mason does not qualify as a “qualified handicapped person” because she applied for and was granted total disabilify benefits. *511 G.L.c. 151B, §1(16) requires a “qualified handicapped person” to be capable of performing essential job functions. Defendants reliance on August v. Offices Unlimited, Inc., 981 F.2d 576 (1st Cir. 1992), however, is misplaced.
In August, the court stated that there existed “no evidence from which to infer that [plaintiff] was not completely and totally disabled.” Id., at 582. The August court stated that nowhere in the summary judgment record “has [plaintiff] pointed to a fact which could raise any issue as to whether he was totally disabled during the period in question.” Id. at 583. Unlike the August plaintiff, however, Mason has pointed to specific evidence in the summary judgment record which demonstrates that she was not completely foreclosed from working and being productive. One such example, a letter dated May 27, 1994, sent by Stephen A. Hoffmann, M.D., stated, “[Mason] would like to continue working. Regrettably it is not possible for her to function effectively in a traditional eight-hour work setting. It is her hope to continue her employment full time at home, where she will be able to take periods of rest that enable her to function effectively.”
Furthermore, while Mason did not explicitly state on her disability application that she would have been able to perform her job had the defendants made reasonable accommodations, such inaction does not automatically bar her current claim. See Ward v. Westvaco Corp., 859 F.Supp. 608, 616 (D.Mass. 1994) (finding plaintiffs claim was not barred because of explicit disclaimer in disability application). As such, the defendants’ motion for summary judgment on this ground is DENIED.
2.“Qualified Handicapped Person” and Essential Job Duties
The defendants argue that Mason is not a “qualified handicapped person” because CFS limits her daily activity to less than 50% and she is unable to perform essentialjob duties. While Mason’s statements show that she was bedridden at times in excess of twenty hours per day, this court cannot rule, as a matter of law, that she is not a “qualified handicapped person.” The summary judgment record demonstrates that Mason may have been able to complete projects at home and it is for the trier of fact to determine the feasibility of such accommodations and the extent to which Mason could work. As such, the defendants’ motion for summary judgment on this ground is DENIED.
3.Reasonable Accommodations
The defendants ask this court to determine that Mason’s desire to work at. home is not a reasonable accommodation and that, in light of Mason’s condition, there is no reasonable accommodation. Such a determination, however, is more appropriately determined by the trier of fact as the summary judgment record is replete with numerous issues of material fact. For example, issues of material fact are presented as to what functions Mason’s job consisted of, and whether reasonable accommodations, such as sending in her assignments via a home computer and modem, were plausible. In light of the record, the defendants’ motion for summary judgment on this basis is DENIED.
4.Actions Based Upon Her Handicap
The defendants argue that Mason has not demonstrated that the alleged discrimination, or eventual termination, was based upon her handicap.
“Employers cannot be required to accommodate needs they do not know exist. This must be so, because employers risk liability for discrimination when they unilaterally decide to treat a handicapped person differently from anyone else.” Ward v. Westvaco Corp., 859 F.Supp. 608, 616 (D.Mass. 1994), quoting Conway v. Boston Edison Co., 745 F.Supp. 773, 783 (D.Mass. 1990); G.L.c. 151B, §4(16). However, as ultimately found in Ward, supra at 616, the defendants in the case at bar were aware that Mason had certain problems.
Moreover, the evidence, viewed in Mason’s favor, demonstrates that the defendants knew Mason had cataracts, problems with fluorescent lights, asthma, fainted, and arrived late due to her asthma. Moreover, on May 3, 1994, Mason sent Vishner an e-mail memorandum stating that she had one of three medical problems. Three days later, Mason was terminated by telephone and letter dated May 6, 1994. These circumstances give rise to sufficient facts entitling Mason to reach a trier of fact on her claim. Defendants position that handicap discrimination did not play a role in Mason’s termination may very well prove successful at trial, but a jury is in the best position to decide these factual disputes. As such, defendants’ motion for summary judgment on this issue must be DENIED.
5.Statute of Limitations
In defendants reply memorandum, they assert that Mason’s claims based upon her cataract condition and her asthma condition are time-barred.
G.L.c. 151B, §5 provides that a charge of discrimination must be filed within six months of the discriminatory act. The statutory six-month period serves as a statute of limitations and “the plaintiffs failure to adhere to the requirements of G.L.c. 151B requireD the dismissal of his complaint.” Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). However, “the six-month requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continuing nature . . .” 804 Code Mass. Regs. §1.03(2) (July 1, 1993); Lynn Teachers Union, Local 1037 v. Massachusetts Commission against Discrimination, 406 Mass. 515, 520 (1990).
In regards to the cataract claim, the latest mention of Mason’s vision problems, requests for accommodations, and the defendants’ responses, occurred in January, 1994. The record is void of evidence as to cataract problems or responses after March 9, 1994, which would be six months prior to Mason’s filing with *512 the Massachusetts Commission against Discrimination. The cataract claim cannot be said to be a continuing violation as the company responded definitively to Mason’s requests well before March 9, 1994, and the issue never resurfaced. As such, defendants’ motion for summary judgment on the cataract condition is ALLOWED.
In regards to the asthma claim, Mason appears to have had extensive asthma-related problems in February and March, 1994. In addition, Mason’s medical problems in March and April, 1994, cannot be said to be unrelated to her asthma condition. In fact, Vishner asserts that he decided to terminate Mason in part because she arrived at work late on April 18, 1994. Such events occurred after March 9, 1994, and, in any event, would be a continuing violation that would toll the six-month period. As such, the defendants’ motion for summary judgment on the asthma claim is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for summary judgment is DENIED as to plaintiffs claim of discrimination based upon asthma and Chronic Fatigue Syndrome, but ALLOWED as to plaintiffs claim that the defendants discriminated against her on the basis of her cataract condition.

In addition, defendants argue that Mason’s claims based upon her cataract condition and asthma condition are time-barred.