Brassard, J.
INTRODUCTION
On May 8, 1997 this court heard the following motions: (1) Defendant, Eastern Casualty Insurance Company’s (“Eastern Casualty”), motion to dismiss Counts I and II of the amended complaint pursuant to Mass.R.Civ.P. 12(b)(6) or, in the alternative, a motion for a more definite statement as to Count II pursuant to Mass.R.Civ.P. 12(e); (2) Defendant, Thomas H. Ruggiero’s (“Ruggiero”), motion to dismiss Count V pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6); and (3) Defendant, Michael M. O’Connor’s (“O’Connor”), motion to dismiss Count VI of the amended complaint pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6).
This case raises issues of the degree of particularity that is required for the proper filing of a complaint before the Massachusetts Commission Against Discrimination (“MCAD”). Because this court concludes that this statute requires both specific identification of the respondent and the setting forth of particulars as to the cause of discrimination, the defendants’ motion to dismiss on Counts I, V, and VI are ALLOWED. All other motions are DENIED.
BACKGROUND
A. Superior Court Complaint
On or about June, 1988, the plaintiff was hired by Eastern Casualty as a Loss Control Consultant. At this time, she was 50 years old and had 13 years experience in this field. The plaintiff is the oldest Loss Control Consultant employed by Eastern Casualty. Ruggiero is the Loss Control Manager for Eastern Casualty and the plaintiffs supervisor. O’Connor is the director of the Underwriting Department.
The plaintiff alleges that since September, 1993 she covered a larger geographic area than other Loss Control Consultants, requiring her to drive further than other consultants. O’Connor had the plaintiffs appointment scheduling changed and gave her inadequate time to make surveys. The plaintiff further alleges that on or about November 18, 1993, O’Connor disparaged, demeaned, and humiliated her in front of approximately 15 employees in the Underwriting Department. From 1993 through November 18, 1995, Ruggiero deliberately excluded the plaintiff from attending training seminars.
When Eastern Casualty divided the position of Loss Control Consultants into two pay grades, the plaintiff was not promoted to the higher pay grade, but two male employees, in their twenties and less experienced, were promoted to the higher pay grade. The plaintiff further claims that on or about October, 1995, Eastern Casualty sent the plaintiff out on a training exercise with a male employee approximately 27 or 28 years of age in an attempt to humiliate and embarrass the plaintiff. The plaintiff alleges that as a result of the defendants’ conduct, she had to take a medical leave of absence due to stress in November, 1995.
On or about February 5, 1996, the plaintiff returned to work with a letter from her doctor authorizing her return subject to some restrictions. Ruggiero and O’Connor refused to make any reasonable accommodations regarding her physician’s request. Furthermore, the plaintiff was required to report to the office each day to sign in, then go to her appointments and when finished return to the office to sign out. This procedure had never been required of other Loss Control Consultants.
B. MCAD Complaint
In December 1995, the plaintiff filed a “charge of discrimination” with the MCAD naming only Eastern Casualty in the box asking who discriminated against complainant. The form indicates that if there is more than one person or agency who has discriminated *747 against complainant, then the others should be listed in the space provided. Under the box asking for the “cause of discrimination,” the plaintiff checked “age,” “sex,” and “other.” Next to “other,” the plaintiff typed in the word “handicap.” In the box asking the complainant to describe the particulars, the plaintiff specifically indicated that Eastern Casualty, O’Connor, and Ruggiero discriminated against her. In the plaintiffs second “charge of discrimination,” filed in March, 1996, the plaintiff again names Eastern Casualty as the sole respondent.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom, in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 141 Mass. 426, 429 (1991), and, cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville, supra at 89. All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
The plaintiff argues that a 12(b)(6) motion tests the legal sufficiency of the complaint, therefore, matters outside the complaint should not be considered. A document is not outside a complaint if the complaint specifically refers to the document and its authenticity is not questioned by either parly. See Branch v. Tunnell 14 F.3d 449, 453 (9th Cir. 1994) (citing Townsend v. Columbia Operations, 667 F.2d 844, 848-49 (9th Cir. 1982)). In paragraphs 25 and 32 of the plaintiffs amended complaint she specifically refers to both MCAD complaints and neither party has questioned the authenticity of the MCAD complaints. If a plaintiff refers to any written document in a complaint, then that document is considered part of the complaint. See Paulemon v. Tobin, 30 F.3d 307, 308 (2d Cir. 1994) (citing Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2nd Cir. 1991)).
A. Count I
Count I alleges sex discrimination in the workplace by all defendants in violation of G.L.c. 151B, §4. The statute contains an administrative exhaustion requirement which mandates that a plaintiff desiring to bring suit must first file a complaint with the MCAD within 180 days of the occurrence of alleged unlawful conduct. See G.L.c. 15 IB, §9. After a complaint has been pending before the MCAD for 90 days, the plaintiff may then file a complaint in state court. See id.
Defendants argue that Count I should be dismissed because the plaintiff failed to bring a claim of sex discrimination before the MCAD.[1]
Massachusetts General Law, c. 15 IB, §5 states in pertinent part that:
Any person claiming to be aggrieved by an alleged unlawful practice . . . may, by himself or his attorney, make, sign and file with the commission a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of. . . which shall set forth the particulars thereof and contain such other information as may be required by the commission. (Emphasis added.)
The MCAD form used to file a claim of discrimination has a section which asks the complainant to check a box indicating what the grounds for discrimination are. These boxes are, “race,” “color,” “sex,” “religion,” “national origin,” “age,” “retaliation,” and “other.” The complaint form also asks the complainant to state “the particulars" which gave rise to the claim.
It is well settled “that, where applicable, G.L.c. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections, and that the plaintiffs failure to adhere to the requirements of [this statute necessitates] the dismissal of [her] complaint.” Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). See also Mason v. Pegassystems, Inc., 5 Mass. L. Rptr. 509 (Superior Ct. 1994); Harrison v. Boston Financial Data Services, Inc., 37 Mass.App.Ct. 133, 135 (1994) (citing Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 429 (1987)).
An employee filing a complaint with the MCAD must follow the “particularity” requirement of the statute. In Belonni v. Reservoir Nursing Center, 1 Mass. L. Rptr. No. 22, 448 (February 21, 1994), the defendant argued that the plaintiff was not entitled to seek relief in the Superior Court for alleged handicap discrimination because the plaintiff failed to file a charge with the MCAD based on handicap discrimination. The plaintiff asserted that her handicap was complained of several times in a schedule that was attached to the MCAD complaint. The court noted that the filing requirements of G.L.c. 15 IB, §5, “are intended to give employers fresh notice of discrimination complaints[.]” Id. at 450 (citing Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817 (1988)). The court in Belonni reasoned that it was not enough for the plaintiff to describe the events that occurred giving rise to her claim. The court concluded that it was also necessary for the employee to check off the appropriate box indicating the basis of her particular claim. Id.
The case at bar presents facts which are the opposite of those before the court in Belonni In the present case, the plaintiff did “check” the box for “sex,” however, she *748 did not give the particulars as required by the statute and the complaint form. Because the plaintiff failed to set forth any particulars as required, her claim of sex discrimination is barred. These requirements “are an important part of the statutory scheme and cannot be lightly disregarded.” Id. at 450. Under the statute, an MCAD complaint must identify the claim and respondent with particularity. Therefore, defendants’ motion to dismiss Count I is ALLOWED.
B. Count II.
Count II alleges age discrimination in violation of G.L.c. 151B, §4. The defendants argue that Count II of the complaint should be dismissed for “failure to state a claim upon which relief can be granted” pursuant to Mass.R.Civ.P. 12(b)(6). The defendants assert that the plaintiffs amended complaint fails to allege facts that make out a prima facie case of age discrimination. The plaintiff contends that she is a member of the protected class (over forty years of age), was qualified for the higher pay grade created by Eastern Casualty and despite her qualifications, was not considered for the higher pay grade. Nevertheless, two male employees, younger and less experienced, were promoted. The complaint further alleges that since 1988, Eastern Casualty has hired approximately five Loss Control Consultants, and all but one was less than thirty years of age.
Massachusetts General Law c. 15 IB, §4 states in relevant part:
It shall be an unlawful practice: ... [flor a employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification. (Emphasis added.)
Discrimination claims under Massachusetts law are analyzed and reviewed in three stages. See Lehman v. Prudential Ins. Co. Of America, 74 F.3d 323, 327 (1st Cir. 1996). In the first stage, the plaintiff must assert a prima facie case of discrimination. See id. To make out a prima facie case the plaintiff must show that (1) she is over forty years of age; (2) she is qualified for the position in question; (3) she was denied the position in question; and (4) that the employer filled that position with a younger individual with qualifications similar to those of the plaintiff.
The allegations in the plaintiffs complaint and the inferences that can be drawn from these allegations are sufficient to state a claim. Accordingly, defendants’ motion to dismiss Count II is DENIED.
This court also DENIES the defendants’ motion for a more definite statement pursuant to Rule 12(e), Mass.R.Civ.P. Count II is adequate for defendants to frame a responsive pleading.
C. Count V and VI
Ruggiero and O’Connor assert that the plaintiff failed to name them in the MCAD complaint filed against Eastern Casualty and that separate claims were never filed against them at the MCAD. Ruggiero and O’Connor further contend that Counts V and VI are therefore barred by the statute of limitations and must be dismissed.
Massachusetts General Law c. 15 IB, §5 states in pertinent part:
Any person claiming to be aggrieved by an alleged unlawful practice or alleged violation . . . may . . . make , sign and file with the commission a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained . . . (emphasis added).
There is no doubt that the plaintiff filed a timely complaint with the MCAD with respect to defendant Eastern Casualty. The plaintiffs complaint, however, does not name O’Connor and Ruggerio on the complaint form where it reads “NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO HAS DISCRIMINATED AGAINST ME.”[2] The form also states that if there is more than one respondent to indicate as such. The space for additional parties on the plaintiffs form is blank. Also, it should be noted that in the plaintiffs second MCÁD complaint, Eastern Casualty is again the only respondent listed.
The plaintiff did refer to O’Connor and Ruggiero in the particulars on the complaint form. The Code of Massachusetts Regulations requires that the complaint contain “appropriate identification of the complaints) and the person(s) alleged to have committed unlawful discriminatory acts [.]” 804 C.M.R. 1.03 (4). Because the MCAD complaint failed to identify O’Connor and Ruggiero in the indicated box, “appropriate identification” was not set forth. See Salhab v. Middlesex County, 2 Mass. L. Rptr. No. 2, 35 (May 16, 1994) (dismissing complaints against two employees because they were not named in the MCAD complaint as required by G.L.c. 151B). Accordingly, defendants’ motion to dismiss Counts v. and VI is ALLOWED.
ORDER
1. The defendants’ motion to dismiss Counts I, v. and VI of plaintiffs amended complaint is ALLOWED.
2. The defendants’ motion to dismiss Count II is DENIED.

 Defendants also argue that the allegations in Count I do not state a claim. This court concludes that the complaint states a claim of sex discrimination.

 The MCAD complaint form does not use the word “person.” The statute, however, does require that the complaint state the name and address of the “person” who committed the discrimination.