Brassard, J.
Plaintiffs, Joseph Andrews (“Andrews”) and Kenneth Pires (“Pires”) commenced this action against defendants, Peter Cressy (“Cressy”), Marriott Education Services, Inc. (“Marriott”) and Marriott Management Services, Inc. (“Marriott Services”) for the wrongful termination of their employment with Marriott at the University of Massachusetts at Dartmouth (“University”). Specifically, plaintiffs allege intentional interference with contractual relations (Counts I, II), violation of the Massachusetts Civil Rights Act, G.L.c. 12, §111 (Counts III, IV), and violation of the Massachusetts Equal Rights Act, G.L.c. 93, §102 (Counts V, VI) against Cressy and Marriott Services. Plaintiffs also allege a violation of G.L.c. 151B (Counts VII, VIII) against Marriott. Cressy now moves, pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss all claims asserted against him in plaintiffs’ complaint on the grounds that plaintiffs failed to state a claim for which relief can be granted.
BACKGROUND
Accepting as true the well pleaded factual allegations of plaintiffs’ complaint and any inferences drawn therefrom, the material facts for purposes of this motion to dismiss are as follows. Plaintiffs are black male citizens. In November 1994, plaintiffs were employed by Marriott at the University in food services. Marriott had held the food service contract at the University since 1986. Andrews had worked at the University since 1974. He had been Director of Food Services at one time and as of November, 1994, he was considered a manager by Marriott. Pires had worked at the University since 1978 and was considered a manager by Marriott in November 1994.
Cressy was appointed Chancellor of the University on March 4, 1994. Cressy threatened to terminate Marriott’s contract unless Marriott terminated all black employees in management positions. Cressy did this to “rid the [University] of blacks in management positions in the food service at Marriott or for some other improper reason.” Complaint ¶7. He “followed a singular scheme to fire the plaintiffs and other minority employees and females whom he did not consider subservient to his wishes or plans or part of his team.” Complaint 114. Marriott agreed to terminate all management at the University with more than five years of service. This would have effectively eliminated all minority managers.
In response to protest by the University’s minority students over the decision to terminate all minority managers, Cressy ordered Marriott to rescind the order to terminate plaintiffs’ positions. Cressy, however, still wanted Marriott to terminate plaintiffs’ positions at some point; the delay in their termination was viewed as temporary. Marriott understood Cressy’s desire to terminate plaintiffs’ positions. Marriott began an intentional course of harassing plaintiffs in order to force them to quit which in turn would preserve Marriott’s contract with the University. Plaintiffs were demoted under the guise of a reorganization and were forced to perform menial tasks. Pires was eventually terminated for allegedly being absent from his job without permission.
In June 1995, plaintiffs filed a complaint against Marriott with the Massachusetts Commission Against Discrimination (“MCAD”) alleging race, color and age discrimination.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs’ favor. Eayl v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. “The plaintiff need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Nader v. Citron, 372 Mass. 96,98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). In some instances, a plaintiff may be allowed the opportunity to replead claims. Madsen v. Erwin, 395 Mass. 715, 726-27 (1985).
Cressy alleges that plaintiffs’ claims for civil rights violations, equal rights violations and intentional interference with contractual relations are essentially employment discrimination claims and plaintiffs’ failure to name him in their MCAD complaints bars them from bringing these claims against him. Plaintiffs first argue that G.L.c. 151B applies only to employers or their agents and does not require an employee to file an MCAD complaint against a third party such as *337 Cressy. Thus, they assert they were only required to file their MCAD complaint against Marriott.
General Laws, c. 151B, §4(4A) prohibits
any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this chapter.
Additionally, G.L.c. 151B, §4(5) expressly prohibits
any person, whether an employer or employee or not, to aid, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so.
“By its distinctly crafted terms, G.L.c. 151B applies not only to employers acting through their principals and agents but also to any person who aids and abets discriminatoiy or retaliatoiy conduct prohibited under Chapter 15IB, as well to any person who interferes with another’s right to work free of unlawful discrimination and retaliation.” Ruffino v. State Street Bank and Trust Co., 908 F.Supp. 1019, 1048 (D.Mass. 1995). By its express terms, G.L.c. 151B would apply to Cressy even though he is not an agent of Marriott for any alleged discriminatoiy conduct.
General Laws, c. 15IB is the exclusive remedy for discrimination claims. See G.L.c. 151B, §9. G.L.c. 15 IB’s broad exclusivity provision has been interpreted to “embody a legislative intent to ‘subject all discrimination claims to some administrative scrutiny.’ ’’ Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996), quoting Charland v. Muzi Motors, Inc., 417 Mass. 580, 585 (1994). Thus, “where c. 151B applies, a person may not evade its procedural requirements by recasting a discrimination claim as a violation of the equal rights act ... or the civil rights act.” Id. (citations omitted). Additionally, where a plaintiffs common law claims are “merely recast versions” of a discrimination claim under c. 15IB, they are also barred by the exclusivity provision. Id. at 558. Accordingly, “[w]here . . . c. 151B applies, its comprehensive remedial scheme is exclusive, in the absence of an explicit legislative command to the contraiy. Otherwise, to permit such duplication of remedies would allow claimants to bypass the procedural requirements defined by the Legislature in c. 15IB, crippling the effectiveness of this specific statutory remedy for discrimination in employment.” Id. at 557-58 (citations omitted); see also Doe v. Purity Supreme, Inc., 422 Mass. 563 (1996); Guzman v. Lowinger, 422 Mass. 570 (1996).
Here, plaintiffs’ claims for intentional interference with contractual rights and violations of the Massachusetts Civil Rights Act and the Massachusetts Equal Rights Act are, in part, based upon Cressy’s alleged wrongful discrimination on the basis of their race and age. In ¶7 of the Complaint, plaintiffs allege that Cressy wanted to “rid [the University] of blacks in management positions in the food service at Marriott . . .” and thus threatened Marriott to terminate its contract if it did not terminate plaintiffs’ positions. The complaint clearly states claims for workplace discrimination against Cressy, and the exclusivity provision of c. 15IB applies. Thus, to the extent that plaintiffs’ complaint states workplace discrimination claims against Cressy, these claims are barred.[3]
The plaintiffs’ Complaint also allege that Cressy acted “for some other improper reason” other than discrimination. In light of the minimal hurdle to survive a Rule 12(b)(6) motion and according the complaint a “generous reading,” the Court concludes that plaintiffs’ claims against Cressy do suggest, minimally, that they are based upon grounds other than improper workplace discrimination. See New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988) (complaint must be accorded a “generous reading”). Thus, the court will allow the motion to dismiss without prejudice and will permit plaintiffs to file an amended complaint which will set forth, in well pleaded factual allegations, their claims against Cressy on grounds other than workplace discrimination. Cressy will be free to file a new motion to dismiss with respect to any new claims plaintiffs may assert against him.
ORDER
For the above stated reasons, the Court hereby ORDERS that Defendant, Peter Cressy’s Motion to Dismiss is ALLOWED to the extent that plaintiffs allege workplace discrimination claims against defendant Peter Cressy and DENIED to the extent plaintiffs allege claims based upon grounds other than workplace discrimination. Plaintiffs shall file an amended complaint within 30 days which sets forth, in well pleaded factual allegations, their claims against Cressy on grounds other than workplace discrimination. Defendant, Peter Cressy, will be permitted to file a new Motion to Dismiss with respect to any new claims plaintiffs may assert against him.

To the extent that plaintiffs may assert a G.L.c. 151B claim against Cressy, the fact that plaintiffs did not name Cressy in their MCAD complaints bars the claims. Salhab v. Middlesex County, 2 Mass. L. Rptr. No. 4, 72 (May 30, 1994); Riebold v. Eastern Casualty Insurance Co, Inc., Middlesex Civ. No. 07-00306, 6 Mass. L. Rptr. 706 (Mass.Super.Ct. June 4, 1994) (1997 AML 311523). One court, however, has suggested that the failure to name a complainant in a MCAD complaint may not bar the claim “if the conduct of [Cressy] was put at issue by the charge and [Cressy] had notice of and an opportunity to conciliate the charge." Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 235 (D.Mass. 1997). The court has reviewed the MCAD complaints which were attached to the plaintiffs’ complaint and therefore made *338 a part of the pleadings. There is nothing in the MCAD complaints which puts Cressy’s alleged wrongful conduct at issue. The MCAD complaints do not allege any wrongdoing by either the University or Cressy. Additionally, plaintiffs would be barred from filing a new MCAD complaint against Cressy as G.L.c. 151B, §5 requires that such a complaint be filed within six months after the alleged act of discrimination. Thus, plaintiffs are apparently barred from asserting a G.L.c. 15IB claim against Cressy.