Neel, J.
Plaintiff Debra Avery (“Avery”) commenced this action against her former employer and former co-workers, claiming that they sexually harassed her in violation of G.L.c. 151B. Defendants George Hickman (“Hickman”) and James B. Jones (“Jones”) move to dismiss, or in the alternative, for summary judgment, on the grounds that they were not named as respondents in plaintiffs charge with the Massachusetts Commission against Discrimination (“MCAD”).[2] For the foregoing reasons, the defendants’ motion is allowed.
BACKGROUND
In December of 1992, plaintiff filed a “Charge of Discrimination” with MCAD, alleging that she had *349 been sexually harassed in her workplace. In the charge form, Avery listed only her employer, PTP, Inc. (“PTP”), in the section identifying the “employer who discriminated against me.” The charge did not name either Hickman or Jones as respondents. In the charge’s summary, Avery complained that Hickman sexually harassed her. The charge does not mention Jones, who was PTP’s president at the time of the alleged misconduct. MCAD investigated Avery’s allegations and issued a Probable Cause Finding. In 1994, Avery brought this action against PTP, Jones, Hickman, and others.[3]
DISCUSSION
In ruling upon a motion to dismiss, the court must take the factual allegations of the complaint, as well as inferences which can be drawn therefrom in plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it would support relief trader any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
G.L.c. 15IB, §5 reads in pertinent part:
Any person claiming to be aggrieved by an alleged unlawful practice or alleged violation . . . may, by himself or his attorney, make, sign and file with the commission a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of. . . which shall set forth the particulars thereof and contain such other information as may be required by the commission.
(Emphasis added.) Failure to file a timely complaint with MCAD against a defendant prior to filing suit in Superior Court bars a claim of discrimination against that defendant. G.L.c. 151B. See also Powers v. H.B. Smith Company, Inc., 42 Mass.App.Ct. 657, 667 (1997); Tardanico v. Aetna Life & Casualty Company, 41 Mass.App.Ct. 443, 444 (1996). A plaintiffs failure to satisfy the procedural requirements of G.L.c. 1512 necessitates the dismissal of the complaint. Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994).
General Laws, c. 15IB and 804 C.M.R. §1.03(4)(a) require plaintiff to name each party who allegedly committed the discrimination. The naming requirement of G.L.c. 151B gives the MCAD an opportunity to investigate and settle disputes before lawsuits are filed, and it gives the accused an opportunity through conciliation to extricate himself from a lawsuit. See Hayes v. Henri Bendel, Inc., 945 F.Sup. 374, 379 (D.Mass. 1996).
Massachusetts appellate courts have not decided whether a plaintiffs failure to name individual respondents on the MCAD charge is an absolute bar to filing a civil action against those respondents. Superior Court judges have either strictly construed the identification requirement, see Riebold v. Eastern Cas. Ins. Co., Inc., Middlesex Civ. A. No. 97-306, 6 Mass. L. Rptr. 706 (Brassard, J.) (June 5, 1997) (dismissing discrimination claims against parties not named) , or have applied the test set by federal courts, see Albee v. New England Medical Center Hospitals, Inc., Middlesex Civ. A. No. 96-1655E, 7 Mass. L. Rptr. 593 (Fabricant, J.) (October 30, 1997).
Federal courts have concluded that, if faced with this question, the Supreme Judicial Court would not preclude the later civil action if the defendant’s conduct was at issue in the MCAD charge and if the defendant had notice of and an opportunity to conciliate the charge. See Chatman v. Gentle Dental Center of Waltham, 973 F.Sup. 228, 234-35 (D.Mass. 1997); Chapin v. University of Massachusetts of Lowell, 977 F.Sup. 72, 76 (D.Mass. 1997).
The MCAD charge put Hickman’s conduct squarely in issue, but it is unclear whether Hickman had notice of the charge and an opportunity to conciliate it. Avery makes only unsupported assertions that Hickman had notice. The court could reasonably infer from the Probable Cause Finding that Hickman had notice, as the MCAD’s investigation of the charge likely involved communications with Hickman. Plaintiff offers no evidence that Hickman had an opportunity to conciliate the charge, however, and accordingly cannot defeat summary judgment with respect to her discrimination claim against him. See Chatman v. Gentle Dental Center of Waltham, 973 F.Sup. at 236 (where it is not possible to determine from matters properly before the court whether the individual defendants had notice of and an opportunity to conciliate the charges against them at MCAD, dismissal or summary judgment for defendants is appropriate).
The court can reasonably infer that Jones, as president of PTP, had constructive notice of the MCAD charge. See Sobotka v. Westfield Savings Bank, 3 Mass. L. Rptr. No. 16, 346 (Sup. Ct., April 17, 1995) (constructive notice exists where unnamed party is high level management of respondent company). The court can also reasonably infer from Jones’ position in PTP that he had an opportunity to participate in the conciliation process. Because the MCAD charge did not mention Jones, however, Jones’ conduct was not put in issue. Plaintiff cannot, therefore, maintain her discrimination claims against Jones.
ORDER
For the foregoing reasons, Defendants’ Motion for Summary Judgment with respect to Counts I and II is ALLOWED.

Shortly after the hearing on the motions, defendant Jones filed a suggestion of bankruptcy and the action was stayed, by order of the Court, on October 15, 1997. That stay has this date been lifted, and the case restored to the “D” Session.

The complaint includes the following claims against Jones and Hickman: violation of G.L.c. 151B against all defendants (Count I); violation of G.L.c. 151B against Jones (Count II); violation of the Massachusetts Equal Rights Act, G.L.c. 93, §102 against all defendants (Count III); intentional infliction of emotional distress against all defendants (Count IV); assault and battery against Hickman (CountV); violation of G.L.c. 214, §l(c) against all defendants; violation of G.L.c. 12, §1II against all defendants (Count VII); intentional interference with employment relationship against Hickman (Count VIII); estoppel against all defendants (Count X); and injunctive relief against all defendants (Count XIII).