ELIZABETH CAPORALE *vs.* BOARD OF SELECTMEN OF BILLERICA. No. 93-P-1498. August 19, 1994. *Limitations, Statute of. Eminent Domain*, Validity of taking.

Prescinding from the question whether the addition of the locus by vote of the town meeting of Billerica to an eminent domain taking described in the warrant for the annual 1970 meeting impermissibly exceeded the scope of the warrant, the challenge made by the plaintiff, Caporale, to the town's

taking of the locus is barred by the limitations period established by G. L. c. 79, § 16, as appearing in St. 1962, c. 797, § 1. That period was two years from the time the claimant's rights to eminent domain damages vested.[1]

The order of taking based on the action of the 1970 town meeting, which included the locus within its perimeter description, was recorded with the registry of deeds (for northern Middlesex) on May 26, 1970. The plaintiff does not suggest that there was any failure to give essentially contemporaneous notice of the taking, as required by G. L. c. 79, § 7C, a failure that could toll the running of the limitations period. See *Whitehouse* v. *Sherborn*, 11 Mass. App. Ct. 668, 670 (1981). Indeed, the owners of record at the time of the taking brought a petition under G. L. c. 79, § 14, for assessment of damages arising out of the taking. Thus, the owners of the locus, if they desired to challenge the validity of the taking, were bound to do so before May 25, 1972. In fact, the purported owner[2] of the locus did not bring an action claiming title to it, and thereby contesting the validity of the 1970 taking, until May 14, 1990. Attacks on the validity of a taking, including whether a town vote impermissibly altered an open article in the warrant concerning the land included in the taking or the purpose of the taking must be launched within the limitations period of G. L. c. 79, § 16. *Whitehouse* v. *Sherborn*, 11 Mass. App. Ct. at 671-675. *Eldredge* v. *Selectmen of Brewster*, 18 Mass. App. Ct. 502, 503-507 (1984). The reasons for application of this principle are explicated in those opinions and need not be repeated here.

*Judgment affirmed.*

The case was submitted on briefs.
*Patricia A. Lambert & Karen Dean-Smith* for the plaintiff.
*Barbara J. Saint Andre & Brian W. Riley* for the defendant.

---

[1]By reason of the enactment of St. 1982, c. 248, § 1, the statute of limitations for eminent domain damages was extended to three years.

[2]We revert to the singular because the plaintiff, Elizabeth Caporale, an individual, claims to have acquired title to the locus from Leonard and Anthony Caporale, trustees, through a mortgage foreclosure in 1989.