## MARLYN GUZMAN *vs.* LAZAR LOWINGER.

Middlesex. January 9, 1996. - May 3, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Employment,* Discrimination, Sexual harassment. *Anti-Discrimination Law,* Sex, Employment. *Civil Rights,* Availability of remedy. *Statute,* Construction.

General Laws c. 214, § 1C, inserted by St. 1986, c. 588, § 6, provides the exclusive statutory remedy for a claim of sexual harassment brought against an employer of fewer than six employees, and bars recovery for the same conduct under the Massachusetts Civil Rights Act, G. L. c. 12, § 11I. [571-573]

CIVIL ACTION commenced in the Superior Court Department on July 7, 1992.

A motion for summary judgment was heard by *James F. McHugh, III*, J., and the case was tried before him.

The Supreme Judicial Court granted an application for direct appellate review.

*Thomas C. Cameron* for the plaintiff.

*Thomas J. Chirokas* (*Lazar Lowinger* with him) for the defendant.

LYNCH, J. The plaintiff, Marlyn Guzman, brought this action against her former employer, the defendant, Lazar Lowinger, to recover for injuries arising out of Lowinger's alleged sexual harassment of the plaintiff in 1992. The plaintiff brought statutory claims under G. L. c. 214, § 1C (1994 ed.), and the Massachusetts Civil Rights Act, G. L. c. 12, § 11I (1994 ed.) (civil rights act). She also brought common law claims for assault and battery, intentional infliction of emotional distress, and wrongful termination.

Before trial, the defendant moved for summary judgment on all counts. The judge granted the motion as to the civil

rights act claim.[1] After a trial on the other claims, a jury awarded the plaintiff $6,500 for intentional infliction of emotional distress, and found for the defendant on all the other counts. The plaintiff appeals from the judge's dismissal of the civil rights count. We granted the plaintiff's application for direct appellate review and now affirm.

Taking the facts in the light most favorable to the plaintiff, the record indicates the following: Marlyn Guzman was employed as a bilingual legal secretary by the defendant for four months in 1992. The defendant is a practicing attorney with fewer than six employees. While the plaintiff was working for the defendant, he is alleged to have engaged in unwanted, unprovoked, and inappropriate behavior, including physical assaults and offensive verbal comments of a sexual nature, which led the plaintiff to believe that she had to choose between giving in to the defendant's demands for a sexual relationship, or quitting her job.[2] As a result of the harassment, the plaintiff suffered severe emotional distress; eventually, she felt compelled to leave the defendant's employ.

The Legislature has provided a comprehensive remedial scheme for victims of sexual harassment in the workplace in G. L. c. 151B, § 4 (16A), and G. L. c. 214, § 1C, inserted by St. 1986, c. 588, §§ 3 and 6, respectively. As we noted in *Green* v. *Wyman-Gordon Co.*, *ante* 551 (1996), and *Doe* v. *Purity Supreme, Inc.*, *ante* 563 (1996), where G. L. c. 151B applies, its procedural prerequisites may not be bypassed by reconstituting a sexual harassment claim as a violation of the civil rights act or the Massachusetts Equal Rights Act, G. L. c. 93, § 102 (1994 ed.), or as a new common law claim. See *Charland* v. *Muzi Motors, Inc.*, 417 Mass. 580, 586 (1994).

---

[1] Although the judge stated that he was dismissing the claim, he appears to have been ruling on the defendant's motion for summary judgment. The plaintiff argues that the standard for a motion to dismiss should apply. We need not resolve the issue since the defendant is entitled to judgment as matter of law under either standard.

[2] The defendant's actions alleged included: grabbing the plaintiff by the hips and pulling her onto his lap; taking hold of both of the plaintiff's hands while talking to her; putting his arm around her; and stating that she should "dump her boyfriend," that the plaintiff's "ruby lips" were driving him crazy, that her engagement ring meant nothing to him, and that she needed a "real man" like the defendant. On one occasion, the defendant allegedly told the plaintiff, "If [I] were younger, [I would] eat [you] in such a way [as to] leave no leftovers for [your] boyfriend."

Here, the defendant has fewer than six employees and so is not an employer subject to the provisions of G. L. c. 151B. Nevertheless, as the judge correctly recognized, the claim falls squarely under G. L. c. 214, § 1C, which permits employees such as the plaintiff to bring suit in the Superior Court for damages rising from sexual harassment in employment. Just as G. L. c. 151B provides an exclusive remedy for sexual harassment claims against employers with six or more employees, G. L. c. 214, § 1C, provides the exclusive remedy for such claims against employers of fewer than six employees. In neither case does an independent and duplicative right exist to pursue such claims under the civil rights act.

In *O'Connell* v. *Chasdi*, 400 Mass. 686 (1987), this court allowed a plaintiff to pursue a sexual harassment claim against her employer under the civil rights act, where the employer was not covered by c. 151B. *Id*. at 693-694. Where no other underlying common law or statutory right was implicated, the court found a right to be free from sexual harassment in art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments. *Id*.

The crucial difference between *O'Connell* v. *Chasdi*, *supra*, and the instant case is the passage of St. 1986, c. 588, § 6, after the underlying action in *O'Connell* had been filed. By adding G. L. c. 214, § 1C, the Legislature provided that which was missing in *O'Connell*: a statutory right to be free from sexual harassment. Where, as here, G. L. c. 151B does not apply, an employee may bring a claim under G. L. c. 214, § 1C. Indeed, the plaintiff did bring such a claim in this case. Having lost at trial on this claim, she now seeks to retry the same claim under the auspices of the civil rights act. We perceive no indication that the Legislature intended to create such a duplication of remedies for sexual harassment claimants. See *Charland* v. *Muzi Motors, Inc.*, *supra*. It is true that the result we reach creates somewhat of an anomaly. Employees of larger concerns must pursue their claims first at the Massachusetts Commission Against Discrimination (MCAD), while employees of smaller scale employers can bypass the MCAD and bring their actions directly in the Superior Court. While we are at a loss to perceive in the statutory framework a reasoned basis for this distinction, neither is there any basis for concluding that the Legislature intended to provide two remedies for the same claim. We

conclude therefore that, in enacting St. 1986, c. 588, the Legislature created a comprehensive scheme for adjudicating claims of sexual harassment in the workplace. Where, as here, G. L. c. 214, § 1C, applies to a claim of sexual harassment, it is the exclusive statutory remedy and therefore bars recovery under the civil rights act. See *Green* v. *Wyman-Gordon Co., supra.*

*Judgment affirmed.*