NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-892

WENDY SWOLINZKY[1]

vs.

TOWN OF AQUINNAH & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Wendy Swolinzky, appeals from a summary judgment dismissing her claims against the defendants, the town of Aquinnah (town) and the Board of Selectmen of Aquinnah (board).  We affirm.

Background.  Since 1970, the town has owned a plot of land (lot A) on which sits a "shack."  Swolinzky operates a business on an adjacent plot of land (lot B) that she leased from the town.  By agreement with the lessee of lot A (but in violation of the lot A lease), Swolinzky used the shack between 2006 and 2013.  The town did not renew the lot A lease due to this

---

[1] Doing business as Book-a-Boat.

[2] Board of Selectmen of Aquinnah.

violation, and Swolinzky sought to continue using the shack, appearing at board meetings through 2013.  Swolinzky alleged that she purchased the shack from the lessee of lot A, who in turn claimed the authority to sell the shack, in April 2013.[3] The board considered several proposals by Swolinzky but ultimately awarded the lot A lease to another individual and voted on December 3, 2013, to have the shack remain on lot A as "town-owned property."  Swolinzky was present at that meeting. On February 5, 2014, the board gave Swolinzky written notice of its decision.

On December 4, 2013, Swolinzky first brought suit in the Superior Court, amending that complaint several times before the case was removed to Federal court where the defendants prevailed on summary judgment on March 29, 2019.  On July 23, 2019, Swolinzky filed the complaint at issue, bringing claims under G. L. c. 79, §§ 10, 14, for the first time, and claims under arts. 10, 11, 12, and 14 of the Massachusetts Declaration of Rights.  The judge allowed the defendants' motion for summary judgment; judgment entered, and this appeal followed.

Discussion.  On appeal, Swolinzky primarily contends that she has an independent cause of action under art. 10 of the

_____

[3] The lessee was the executrix of the estate of a decedent who claimed to own the shack.

2

Massachusetts Declaration of Rights and that her claims under G. L. c. 79 are not time barred.[4]  We disagree.[5]

We review a judge's grant of summary judgment de novo.  See Adams v. Schneider Electric USA, 492 Mass. 271, 280 (2023). "Summary judgment is appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law. . . .  We review the evidence in the light most favorable to the party against whom summary judgment entered" (quotations and citations omitted).  Id.

1.  Independent cause of action.  General Laws c. 79 "embodies rights guaranteed under art. 10 of the Declaration of Rights," Bromfield v. Treasurer & Receiver Gen., 390 Mass. 665, 671 n.11 (1983), and "creates a comprehensive scheme" regarding property takings, Locator Servs. Group, Ltd. v. Treasurer & Receiver Gen., 443 Mass. 837, 854 (2005).  As c. 79 provides the "exclusive statutory remedy," Whitehouse v. Sherborn, 11 Mass. App. Ct. 668, 673 (1981), Swolinzky does not have an independent

---

[4] To the extent we have not specifically addressed Swolinzky's other arguments, we have considered them and find nothing in them that warrants overturning the judgment.  See Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004).

[5] The defendants note that Swolinzky did not provide an adequate record for appellate review.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 397 n.13 (2018); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  Nevertheless, we exercise our discretion to reach the merits of her claims.

claim under art. 10 of the Massachusetts Declaration of Rights. Cf. Guzman v. Lowinger, 422 Mass. 570, 572-573 (1996) (where Legislature "created a comprehensive scheme for adjudicating claims of sexual harassment in the workplace," statute is "exclusive statutory remedy and therefore bars recovery" under civil rights act and art. 1 of Massachusetts Declaration of Rights).

2. Statute of limitations. Swolinzky's remaining claims are time barred as a matter of law. See Abrahamson v. Estate of LeBold, 89 Mass. App. Ct. 223, 228 (2016). Claims under G. L.c. 79, §§ 10, 14, are subject to either a one-year or three-year statute of limitations. Section 10 permits the property owner to file a petition with the government entity that took the property, with a one-year limitations period from the date of the taking. See G. L. c. 79, § 10. Section 14 also allows the property owner to seek damages in the Superior Court. See G. L. c. 79, § 14. Claims under § 14, with certain exceptions not applicable here, must be filed "within three years after the right to such damages has vested." G. L. c. 79, § 16. See Wine v. Commonwealth, 301 Mass. 451, 456 (1938); Caporale v. Selectmen of Billerica, 37 Mass. App. Ct. 912, 913 (1994). Swolinzky's cause of action accrued at the latest by February 5, 2014, when the board sent notice of its decision regarding the shack. Swolinzky had until February 2017 to file

4

a complaint under § 14; she filed this complaint in July 2019, over two years late.[6]  Under either § 10 or § 14, the limitations period has run.

Judgment affirmed.

By the Court (Blake, C.J., Shin & Walsh, JJ.[7]),

Clerk

Entered:  May 9, 2025.

---

[6] We are unpersuaded by Swolinzky's contention that G. L. c. 79, § 18, tolls the limitations period until September 2019. Swolinzky could have brought her c. 79 claims at any point in the prior litigation; her failure to do so is not cured by § 18.

[7] The panelists are listed in order of seniority.