APPEALS COURT 
 
 JANE DOE NO. 991 vs. PAUL CHEFF[1] & others.[2]

 
 Docket:
 24-P-601 /24-P-803
 
 
 Dates:
 April 2, 2025 – July 30, 2025
 
 
 Present:
 Ditkoff, Singh, & Smyth, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Negligence, Governmental immunity. Municipal Corporations, Governmental immunity. Massachusetts Commission Against Discrimination. Anti-Discrimination Law, Unfair educational practice. Massachusetts Tort Claims Act. Statute, Construction. Practice, Civil, Motion to dismiss.
 
 

  
      Civil action commenced in the Superior Court Department on December 13, 2022.
           A motion to dismiss was heard by Rosemary Connolly, J., and the case was reported by her to the Appeals Court.
      Strephon Treadway, Assistant City Solicitor, for city of Chelsea.
      Mark F. Itzkowitz (Carmen L. Durso also present) for the plaintiff.
      SINGH, J.  In these interlocutory appeals, we address whether a former public high school student, who alleges that her teacher sexually harassed and abused her, must file a complaint with the Massachusetts Commission Against Discrimination (MCAD) before bringing an unfair educational practice claim against the teacher's employer in the Superior Court.  We conclude that the applicable statutes do not impose this requirement on the plaintiff.  Further, we conclude that
§ 10 (j) of the Massachusetts Tort Claims Act (MTCA), G. L. c. 258, does not immunize the teacher's employer, the city of Chelsea (city).  We affirm so much of the order of a judge of the Superior Court as denied the city's motion to dismiss as to those two issues.[3]
      Background.[4]  The plaintiff attended a high school run by the city.  The plaintiff's high school teacher, who was employed by the city, repeatedly raped the plaintiff over the course of four years.  The plaintiff alleged that the city knew or should have known of the abuse yet failed to terminate the teacher.  The teacher's abuse caused the plaintiff to suffer severe emotional distress.
      Procedural history.  The plaintiff filed a complaint in the Superior Court, alleging claims for negligence and unfair educational practices against the city, among others.  The plaintiff's unfair educational practice claim under G. L. c. 214, § 1C, sought to remedy a violation of G. L. c. 151C, § 2 (g), which prohibits educational institutions from sexually harassing students.  With respect to the negligence claim, the plaintiff alleged that the city knew or should have known that the teacher sexually abused the plaintiff and committed a breach of its duty of care by failing to train, supervise, investigate, and terminate the teacher.
      The city filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  The city argued that § 10 (j) of the MTCA, G. L. c. 258, shields it from liability on the negligence claim.  It also argued that the plaintiff's unfair educational practice claim must be dismissed because she did not first file a complaint with MCAD as required by statute.  The judge denied the motion to dismiss.[5]  The city sought interlocutory review of the denial as regards the MTCA under the doctrine of present execution.  See Kent v. Commonwealth, 437 Mass. 312, 316-317 (2002) (doctrine of present execution allows for interlocutory appeal from denial of public employer's motion to dismiss on ground of immunity).  On the city's motion, the judge reported the ruling on the issue whether the plaintiff was required to exhaust her administrative remedies with MCAD as a prerequisite to suit.  See Mass. R. Civ. P. 64 (a), as amended, 423 Mass. 1403 (1996).[6]  Accordingly, these two asserted grounds for dismissal are before us.[7]
      Discussion.  We review the denial of a motion to dismiss de novo and draw all reasonable inferences in favor of the plaintiff.  See Edwards v. Commonwealth, 477 Mass. 254, 260 (2017), S.C., 488 Mass. 555 (2021).
      1.  Statutory interpretation.  When approaching a question of statutory interpretation, we begin with the plain language of the statutes.  See Plymouth Retirement Bd. v. Contributory Retirement Appeal Bd., 483 Mass. 600, 604 (2019).  General Laws c. 151C declares it an "unfair educational practice . . . [t]o sexually harass students in any program or course of study in any educational institution."  G. L. c. 151C, § 2 (g).  Chapter 151C, § 3 (a), gives MCAD jurisdiction to investigate claimed violations of § 2 (g).
      General Laws c. 214, § 1C, cross-references c. 151C and creates an expanded remedy for unfair educational practices.  Chapter 214, § 1C, provides that,
"[a] person shall have the right to be free from sexual harassment, as defined in chapter one hundred and fifty-one B and one hundred and fifty-one C.  The superior court shall have the jurisdiction to enforce this right and to award the damages and other relief provided in the third paragraph of section 9 of chapter 151B.  Any such action shall be commenced in the superior court within the time allowed by said section 9 of said chapter 151B.  No claim under this section that is also actionable under chapter 151B or chapter 151C shall be brought in superior court unless a complaint was timely filed with the Massachusetts commission against discrimination under said chapter 151B" (emphasis added).
The last sentence of this statute forms the crux of this appeal.  The city contends that the plaintiff's claim was "actionable" under c. 151B or c. 151C, which bars her from bringing a claim under c. 214 without having filed a timely complaint with MCAD.  Under the plaintiff's interpretation of the statutes, her claim was not actionable under either c. 151B or c. 151C, and MCAD would have had no jurisdiction over her claim, leaving c. 214 as her only relief.
      Both a plain reading of the statutes and the available authorities support the plaintiff's interpretation.  Section 3 (a) of G. L. c. 151C provides, in relevant part, that, "[a]ny person seeking admission as a student to any educational institution, or enrolled as a student in a vocational training institution, who claims to be aggrieved by an alleged unfair educational practice . . . " may file a complaint with MCAD.  Thus, only applicants for admission and vocational students may obtain relief under c. 151C.  See Morrison v. Northern Essex Community College, 56 Mass. App. Ct. 784, 786 n.6 (2002).  See also Awad vs. Cutone, U.S. Ct. App., No. 21-1829 (1st Cir. Sept. 24, 2024), aff'g, U.S. Dist. Ct., No. 18-12022-MBB (D. Mass. Aug. 24, 2021) (dismissing G. L. c. 151C, § 3 [a] claim brought by community college student who was neither applicant nor vocational student); Doe v. Fournier, 851 F. Supp. 2d 207, 215 (D. Mass. 2012) ("Chapter 151C does not provide a private right of action for a plaintiff who does not fall into one of these two categories [i.e., applicant or vocational student]").  Chapter 151C does not make the plaintiff's claim actionable because it does not give her a remedy.  See Black's Law Dictionary 40 (11th ed. 2019) (defining "actionable" as "[f]urnishing the legal ground for a lawsuit or other legal action").  Nor does it confer jurisdiction on MCAD over the plaintiff's claim.  See infra, at    .  The city counters that c. 151C's substantive prohibition, § 2 (g), is broad.  But the general prohibition, although binding on educational institutions, does not create a cause of action.  Cf. Doe v. Williston Northampton Sch., 766 F. Supp. 2d 310, 312-313 (D. Mass. 2011) (narrow procedural remedy in § 3 [a] does not restrict broad substantive prohibition in § 2 [g]).
      Likewise, the plaintiff's claim is not actionable under G. L. c. 151B, which addresses employment discrimination.  Chapter 151B, § 4 (16A), declares it an unlawful employment practice for an employer to sexually harass any employee.  This provision does not apply to the plaintiff, who was not employed by the city.  The city relies on G. L. c. 151B, § 9 -- the remedy provision of c. 151B -- in contending that the plaintiff's claim was actionable under c. 151B.
"Any person claiming to be aggrieved by a practice made unlawful under this chapter or under chapter one hundred and fifty-one C, or by any other unlawful practice within the jurisdiction of the commission, may, at the expiration of ninety days after the filing of a compliant with the commission . . . bring a civil action for damages or injunctive relief or both in the superior or probate court . . . " (emphasis added).
G. L. c. 151B, § 9, second par.  The city argues that the emphasized language of § 9 gives plaintiffs a remedy in MCAD for violations of c. 151C, including sexual harassment in schools.  Under the city's interpretation, the availability of a remedy under G. L. c. 151B, § 9, precludes her from invoking G. L. c. 214, § 1C.  We do not read § 9 so broadly.  As we explained in Morrison, § 9 does not apply to students because "[t]here is nothing in c. 151C . . . that refers back to c. 151B.  Nor does c. 151C, in contrast to c. 151B, state that the provisions for the filing of sexual harassment claims with the [MCAD] are exclusive."  Morrison, 56 Mass. App. Ct. at 786 n.6.  We noted in Morrison that "[v]iolations of c. 151C are actionable in Superior Court."  Morrison, supra at 786, citing G. L. c. 214, § 1C. 
      The city correctly points out that we interpreted a prior version of § 1C in Morrison.  See G. L. c. 214, § 1C, inserted by St. 1986, c. 588, § 6.  The current version of § 1C, adopted in 2002, includes three additional sentences, including the sentence imposing an administrative filing requirement for claims "also actionable" under c. 151B or c. 151C.[8]  See St. 2002, c. 223, § 3.  The amended language does not diminish or undercut the reasoning underlying our decision in Morrison.  Although the new language imposes an administrative filing requirement on vocational students and applicants, it does not alter the remedies available to all other students.[9]  See Doe v. Bradshaw, 203 F. Supp. 3d 168, 190 (D. Mass. 2016); Harbi vs. Massachusetts Inst. of Tech., U.S. Dist. Ct., No. 16-12394-FDS, slip op. at 10-13 (D. Mass. Sept. 1, 2017); Bloomer vs. Becker College, U.S. Dist. Ct., No. 09-11342-FDS, slip op. at 11-13 (D. Mass. Aug. 13, 2010).  See also Lowery v. Klemm, 446 Mass. 572, 578 (2006) (General Laws c. 214 creates remedy for students and employees not already covered by either c. 151B or c. 151C).[10]
      There is nothing illogical about the dividing line chosen by the Legislature.  With MCAD's expertise with workplace discrimination, it is hardly unreasonable that the Legislature chose to have vocational students fall within MCAD's jurisdiction.  Similarly, the Legislature could reasonably have concluded that MCAD's experience with job applicants gives it an institutional advantage in assessing claims of sexual harassment in the application process.  In any event, we are guided by the directive that "statutory language should be given effect consistent with its plain meaning."  Boss v. Leverett, 484 Mass. 553, 557 (2020), quoting Sullivan v. Brookline, 435 Mass. 353, 360 (2001).  When the statutory language is clear and unambiguous, the language "must be interpreted as written."  Boss, supra.  The statutes as a whole provide a "comprehensive scheme" of relief for all plaintiffs.  Guzman v. Lowinger, 422 Mass. 570, 573 (1996).  See Lowery, 446 Mass. at 578 ("General Laws c. 214, § 1C, thus extends to employees and students protection that is not otherwise available under G. L. c. 151B and c. 151C . . . ").
      Lastly, we are not persuaded by the city's arguments concerning legislative history and intent.  The text of the statutes provides the "principal source of insight" into legislative intent.  Commonwealth v. Newberry, 483 Mass. 186, 192 (2019), quoting Sisson v. Lhowe, 460 Mass. 705, 708 (2011).  We need not turn to legislative history because where the statutory language is clear and unambiguous, "it must be interpreted as written."  Boss, 484 Mass. at 557.
      2.  General Laws c. 258, § 10 (j).  The city contends that § 10 (j) of the MTCA shields it from liability.[11]  It argues that retaining the teacher does not constitute an affirmative act that is required to hold the employer liable.  We reject this contention as inconsistent with the Supreme Judicial Court's recent decision in Theisz v. Massachusetts Bay Transp. Auth., 495 Mass. 507 (2025).  In Theisz, the court held that § 10 (j) did not immunize a public employer for its own negligence in hiring, supervising, and retaining its own employees.  Theisz, supra at 518.  In other words, § 10 (j) does not protect a public employer when the employer's own affirmative act caused the harm.  Theisz, supra at 518-519.  See Dobos v. Driscoll, 404 Mass. 634, 653, cert. denied, 493 U.S. 850 (1989) ("where the supervisory officials allegedly had, or should have had, knowledge of a public employee's assaultive behavior, it is the supervisors' conduct, rather than the employee's intentional conduct, that is the true focus of the case").  See also Doe v. Blandford, 402 Mass. 831, 836-838 (1988) (MTCA does not bar suit against public employer for guidance counselor's abuse of student, where claims against employer were based on employer's negligent hiring, supervision, and retention of guidance counselor).
      The city correctly points out that it is not vicariously liable for the teacher's conduct, which plainly fell outside the scope of employment.  See G. L. c. 258, § 10 (c) (public employer not liable for employee's intentional torts); Theisz, 495 Mass. at 518.  But the complaint does not articulate a theory of vicarious liability.  Rather, the plaintiff alleges that it was the city's own negligence in hiring, retaining, and failing to terminate the teacher that caused the harm.  See id. at 517-519 (Massachusetts Bay Transportation Authority's own negligence in retaining bus driver with known anger management issues and scheduling him in public-facing role constituted affirmative act that originally caused plaintiff's harm).  The judge did not err in denying the city's motion to dismiss based on § 10 (j).
      Conclusion.  For the foregoing reasons, we affirm so much of the order dated March 21, 2024, as denied the city's motion to dismiss raising failure to exhaust administrative remedies.  We also affirm so much of that order as denied the city's motion asserting immunity under the MTCA.
 
 
So ordered.
footnotes

          [1] A pseudonym.
                [2] City of Chelsea and Trustees of Boston University.
               [3] The city's two appeals were paired for consideration.  Although the complaint also alleged claims against the teacher and the Trustees of Boston University, these interlocutory appeals concern only the city.
               [4] At the motion to dismiss stage, we accept all facts pleaded in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See Edwards v. Commonwealth, 477 Mass. 254, 260 (2017), S.C., 488 Mass. 555 (2021).
          [5] The judge's order also denied in part and allowed in part the Trustees of Boston University's motion to dismiss; so much of the order as addressed that motion is not before us in these interlocutory appeals.
               [6] On such a report under Mass. R. Civ. P. 64 (a), we evaluate the propriety of the judge's ruling on the issue.  See Barnes v. Metropolitan Hous. Assistance Program, 425 Mass. 79, 83-84 (1997); Thaddeus v. Secretary of the Executive Office of Health & Human Servs., 101 Mass. App. Ct. 413, 415 n.4 (2022). 
               [7] The city also argued in its motion to dismiss that the plaintiff's unfair educational practice claim was time barred and the plaintiff failed to allege sufficient facts to support a claim for negligent supervision.
          [8] General Laws c. 214, § 1C, provides,
     "The superior court shall have the jurisdiction to enforce this right and to award the damages and other relief provided in the third paragraph of section 9 of chapter 151B.  Any such action shall be commenced in the superior court within the time allowed by said section 9 of said chapter 151B.  No claim under this section that is also actionable under chapter 151B or chapter 151C shall be brought in superior court unless a complaint was timely filed with the Massachusetts commission against discrimination under said chapter 151B."
               [9] MCAD has consistently taken the position that it lacks jurisdiction over such sexual harassment claims.  See Gammons v. Revere, 36 Mass. Discrimination L. Rep. 187 (2014) (MCAD lacked jurisdiction over sexual harassment claim brought by public school student against school).  See also Adedeji v. Massachusetts College of Liberal Arts, 25 Mass. Discrimination L. Rep. 194 (2003) (MCAD lacked jurisdiction over college student's claim against college for race discrimination).
          [10] The city interprets a single sentence in Lowery to mean that students must bring claims under c. 151B.  See Lowery, 446 Mass. at 578 ("In addition, [G. L. c. 214, § 1C,] gives students who are sexually harassed in violation of G. L. c. 151C, § 2 [g], access to the remedial provisions of G. L. c. 151B, § 9").  We read this sentence as supporting the plaintiff's interpretation of the statutes; namely, that c. 214 gives students a remedy in the Superior Court for violations of c. 151C.
          [11] General Laws c. 258, § 10 (j), provides, with certain exceptions, immunity to public employers from
      
"any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer."