VIKENTY BELL *vs.* FRANK L. EAMES.

Middlesex.     November 7, 1941. — January 27, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Tax,* On real estate: foreclosure of right of redemption. *Land Court,* Decree. *Proximate Cause. Actionable Tort.*

A Land Court decree barring the right of redemption from a tax title must be taken to have been entered only after due notice and further proceedings required by statute and it cannot be attacked collaterally by averments of ignorance of the proceedings.

Loss suffered by a landowner when his right of redemption from a tax title was barred in Land Court proceedings of which he must be deemed to have had notice was due to his own failure to protect his interest and could not have been due to conduct of the municipal treasurer in requesting him to defer redemption, representing that his rights would be protected and that he would not lose his property, and promising to give him a release at a later date and to save him harmless.

CONTRACT OR TORT.  Writ in the Superior Court dated October 25, 1940.

That portion of the second count of the amended declaration that purported to allege deceit of the defendant was as follows: "And the plaintiff further says that between the dates of November 10th, 1933, and April 22nd, 1940, he went to the office or home of the said defendant and offered to him, as treasurer of the town of Wilmington, the full amount of the taxes, interest and costs then due, and requested a release of said tax lien from the said defendant;

but the said defendant contriving and intending to deceive and injure the plaintiff to the said defendant's own advantage, profit and gain, represented to and assured the plaintiff that his rights would be protected and that he would not lose his property and that he should wait a while before redeeming the said premises and to come to see the defendant at another time; that the said defendant intended to defraud and deceive the plaintiff by such representations and assurances, and did so defraud and deceive him, and that the said plaintiff relied on such representations and assurances made by the defendant and was induced not to take any legal action to redeem said property, and did not take such action but waited as requested by the defendant; and that the said defendant purchased the said premises from the town of Wilmington for a wholly inadequate sum which was far less than the amount of taxes, interest and costs due the town of Wilmington, whereby, the plaintiff lost his rights to redeem the said property.''

A demurrer was sustained by *Goldberg,* J.

The case was submitted on briefs.

*F. C. Zacharer,* for the plaintiff.

*P. D. Emmons,* for the defendant.

DOLAN, J.    This is an action of contract or tort which comes before us on the plaintiff's appeal from an order entered by the judge sustaining the defendant's demurrer to the plaintiff's amended declaration. The writ is dated October 25, 1940.

The amended declaration is in two counts, the first count being described as in contract, the second, as in tort. In the first count the plaintiff alleges, in substance, that on or about January 9, 1939, and for a long time prior thereto, he was the owner of a parcel of land with the buildings thereon situated in the town of Wilmington in this Commonwealth; that the premises were subject to a tax title acquired by the town on November 10, 1933; that from November 10, 1933, to April 22, 1940, the defendant was treasurer of the town; that many times between these dates he endeavored to redeem the property from the tax title lien and offered to the defendant, as treasurer, the full

amount of taxes, interest, and costs due, and requested a release of the tax lien, but that the defendant asked him to wait and not to take any action to redeem his property, and promised to deliver a release to him in the future, and to hold him harmless and to protect him from any loss if he would wait and take no action to redeem the property "but [would] come back at another time." The first count of the declaration further alleges that on January 9, 1939, the town acquired absolute title to the premises by virtue of a decree entered in the Land Court foreclosing the plaintiff's right of redemption; that the decree was duly recorded; that on April 3, 1939, the defendant purchased the premises from the town for $250 by deed duly recorded; that the plaintiff was in ignorance of the foreclosure of his right of redemption and of the sale of the premises to the defendant "until . . . a few months ago"; that in consideration of the defendant's promises he did not take any action to redeem the property; and that the defendant violated his promises made to the plaintiff whereby the plaintiff lost all his rights of redemption in the said property and was greatly harmed and damaged.

The count in tort contains similar recitals but alleges in substance deceit on the part of the defendant.

The defendant's demurrer sets forth eight grounds, all of which are open on the appeal. *Arena* v. *Erler*, 300 Mass. 144. The second ground, addressed to the count in contract, is that it does not state a legal cause of action. The sixth ground of demurrer, addressed to the count in tort, is to the same effect.

By the present action the plaintiff seeks to recover damages for the loss of the real estate involved. His right to redeem the premises, however, was lost by the foreclosure of that right by the Land Court. General Laws (Ter. Ed.) c. 60, § 64, provides in part that the "title conveyed by a tax collector's deed or by a taking of land for taxes shall be absolute after foreclosure of the right of redemption by decree of the land court as provided in this chapter . . . ." Section 66 provides, so far as here pertinent, that in proceedings for such foreclosure notice shall be given to all

persons interested whether as equity owners, mortgagees, lienors, attaching creditors or otherwise, of the pendency of the petition, the notice to be sent by registered mail, and return of receipt required. Section 67 provides that after the return day fixed, the "court shall, if satisfied that the notice has been properly given, on motion of the petitioner enter an order defaulting all persons failing to appear, and decreeing that the petition as to them be taken as confessed." Under § 68 as amended by St. 1935, c. 224, § 3, any person claiming an interest "on or before the return day or within such further time as may on motion be allowed by the court, shall, if he desires to redeem, file an answer setting forth his right in the premises, and an offer to redeem upon such terms as may be fixed by the court." Under § 69 "If a default is entered under section sixty-seven . . . a decree shall be entered which shall forever bar all rights of redemption."

The plaintiff has alleged in each count that his right of redemption was foreclosed on January 9, 1939, by virtue of a decree of the Land Court, which was duly recorded. His allegation that he was ignorant of the proceedings in the Land Court not being well pleaded, since it is an allegation of fact which as matter of law is not open to the plaintiff to establish in this action, is not admitted by the demurrer. See *Marsch* v. *Southern New England Railroad*, 230 Mass. 483, 491, 492. The Land Court is a court of record. G. L. (Ter. Ed.) c. 185, § 1. It has exclusive jurisdiction of proceedings to foreclose the right of redemption from tax titles under c. 60 (see § 64). Questions of law arising in the Land Court in such proceedings may be reported to this court or taken to this court for revision by any party aggrieved, in the same manner as in other proceedings in the Land Court. G. L. (Ter. Ed.) c. 60, § 72. See also G. L. (Ter. Ed.) c. 185, § 15. Its decisions or decrees in subject matters within its jurisdiction cannot be attacked collaterally. The decree in the foreclosure proceedings of the right of redemption in the plaintiff's land must be taken to have been entered after due notice to him and further proceedings, as provided in the statutes to which we have re-

ferred. He must, therefore, be taken to have had adequate opportunity to redeem the premises, had he seen fit to do so, upon terms to be fixed by the Land Court. It follows that the loss of that right was due to his own failure to protect his interest in the Land Court proceedings, and hence no damage was suffered by the alleged conduct of the defendant. The allegation in each count of the declaration that the plaintiff was damaged by the conduct of the defendant cannot avail the plaintiff since it is based on allegations that do not show any damage to him. *Levin* v. *Reliance Cooperative Bank*, 301 Mass. 101, 103, 104. It is unnecessary to consider the other grounds of demurrer assigned by the defendant.

> *Order sustaining demurrer affirmed.*
> *Judgment for the defendant.*