NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11859

GARTH MEIKLE  vs.  PATRICIA NURSE.


Suffolk.     November 5, 2015. - April 27, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.



Summary Process.  Practice, Civil, Summary process, Counterclaim
      and cross-claim.  Landlord and Tenant, Security deposit,
      Termination of tenancy, Eviction.



      Summary process.  Complaint filed in the Boston Division of
the Housing Court Department on June 11, 2014.

      The case was heard by MaryLou Muirhead, J.

      The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


      Louis Fisher (Patricia Whiting with him) for the defendant.
      Garth Meikle, pro Se.
      Peter Vickery, for Worcester Property Owners Association,
Inc., amicus curiae, submitted a brief.
      Maureen McDonagh & Julia Devanthéry, for City Life/Vida
Urbana, amicus curiae, submitted a brief.


      HINES, J.  In this appeal we decide whether a tenant may

assert a violation of the security deposit statute, G. L.

c. 186, § 15B, as a defense to a landlord's claim for possession in a summary process action brought under G. L. c. 239, § 1A. The issue arises from a Housing Court judge's disposition of a summary process action brought by Garth Meikle, the landlord, against Patricia Nurse, the tenant. After a trial, the judge ruled that the tenant properly could assert a violation of the security deposit statute as a counterclaim for damages, but that a counterclaim on this basis is not a defense to the landlord's claim for possession. The tenant appealed, arguing that the plain language of G. L. c. 239, § 8A, buttressed by its legislative history, establishes that a violation of the security deposit statute may be asserted as a defense to a landlord's claim for possession and that the judge erred in rejecting this interpretation of the statute. We transferred the appeal to this court on our own motion.[1]

We conclude that a violation of the security deposit statute is encompassed within the definition of "counterclaim or

---

[1] The judge's ruling in this case conflicts with other Housing Court decisions on this issue. See, e.g., Patnod vs. King, Worcester Hous. Ct., No. 14-SP-3620 (Sept. 29, 2014) (landlord failure to notify lessee of location of security deposit and failure to deposit in interest-bearing account created defense to possession); Gouveia vs. Noel, Southeast Hous. Ct., No. 13-SP-02987 (Sept. 19, 2013) (failure to place security deposit in interest bearing account constituted defense to no-fault eviction); Dunn vs. Cox, Boston Hous. Ct., No. 99-SP-03639 (Aug. 23, 1999) (statutory violation of security deposit law prohibited landlord action to recover possession).

defense" in G. L. c. 239, § 8A, and that a counterclaim or defense on that basis may be asserted as a defense to a landlord's possession in a summary process action under G. L. c. 239, § 1A.  Therefore, we reverse the Housing Court judgment granting possession to the landlord and remand for a hearing in accordance with the provisions of G. L. c. 239, § 8A, fifth par.[2]

Background.  We summarize the judge's findings of fact, which we accept unless they are clearly erroneous.  Martin v. Simmons Props., LLC, 467 Mass. 1, 8 (2014).  In October, 2011, Nurse moved into a residential building owned by Meikle.  The parties executed a one-year lease under which Nurse paid a security deposit in the amount of $1,300, equivalent to one month's rent.  Meikle failed to give Nurse a receipt acknowledging acceptance of the deposit, failed to provide Nurse with a receipt indicating the bank account into which he deposited the funds, and failed to pay Nurse interest earned. On expiration of the lease, Nurse continued to live in the premises as a tenant at will until Meikle terminated the tenancy in April, 2014, to provide housing to members of his extended family.  Meikle then instituted a no-fault summary process action for possession of the premises, G. L. c. 239, § 1, and

---

[2] We acknowledge the amicus briefs submitted by City Life/Vida Urbana and Worcester Property Owners Association, Inc.

for recovery of monies due for use and occupancy, G. L. c. 239, § 2, for the months of May, June, and July, 2014. Nurse counterclaimed,[3] alleging violations of G. L. c. 186, § 15B (security deposit statute), and G. L. c. 93A, in addition to improper termination, insufficient notice to quit, retaliation, and breach of the warranty of habitability.

After a two-day bench trial, the judge found for Meikle on all but the security deposit claim, ruling that his failure to provide Nurse with an acceptance receipt, a bank deposit receipt, and the interest earned from the security deposit violated G. L. c. 186, §§ 15B (2) (b),[4] (3) (a),[5] and (3) (b),[6]

---

[3] Pursuant to G. L. c. 239, § 8A, "tenant[s] or occupant[s]" may defend against a landlord's claim of possession. This includes lessees, tenants at will, and tenants at sufferance who meet the statutory requirements to attain standing. See Rubin v. Prescott, 362 Mass. 281, 290-291 (1972) (declining to rule whether tenants at sufferance are barred from raising sanitation code violations as defense to summary process but nonetheless reaching § 8A claims of tenants at sufferance); Hodge v. Klug, 33 Mass. App. Ct. 746, 754 (1992) ("the statute would be defanged if a tenant at sufferance could not employ its machinery"). Thus, Patricia Nurse may enlist § 8A in defense of her tenancy.

[4] General Laws c. 186, § 15B (2) (b), requires that "[a]ny lessor or his agent who receives a security deposit from a tenant or prospective tenant shall give said tenant or prospective tenant at the time of receiving such security deposit a receipt indicating the amount of such security deposit, the name of the person receiving it and, in the case of an agent, the name of the lessor for whom such security deposit is received, the date on which it is received, and a description of the premises leases or rented. Said receipt shall be signed by the person receiving the security deposit." (Emphasis added.)

respectively. The judgment awarded possession and unpaid rent ($3,900) to Meikle, to be offset by the amount due to Nurse on her security deposit counterclaim ($1,304.61), resulting in net damages to Meikle in the amount of $2,595.39. Nurse's motion to reconsider was denied, and she timely appealed.

Discussion. 1. Standard of review. "We review questions of statutory interpretation de novo." Commerce Ins. Co. v. Commissioner of Ins., 447 Mass. 478, 481 (2006). Here we apply the "general and familiar rule . . . that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished." Lowery v. Klemm, 446 Mass. 572, 576-577 (2006), quoting Hanlon v. Rollins,

---

[5] General Laws c. 186, § 15B (3) (a), provides in relevant part: "A receipt shall be given to the tenant within thirty days after such deposit is received by the lessor which receipt shall indicate the name and location of the bank in which the security deposit has been deposited and the amount and account number of said deposit. Failure to comply with this paragraph shall entitle the tenant to immediate return of the security deposit." (Emphasis added.)

[6] General Laws c. 186, § 15B (3) (b), requires that "[a] lessor of residential real property who holds a security deposit pursuant to this section for a period of one year or longer . . . shall . . . pay interest at the rate of five per cent per year . . . payable to the tenant at the end of each year of the tenancy."

286 Mass. 444, 447 (1934). The language of a statute is interpreted in accordance with its plain meaning, and if the "language is clear and unambiguous, it is conclusive as to the intent of the Legislature." Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 124 (2006), citing Commonwealth v. Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court Dep't, 439 Mass. 352, 355-356 (2003). Also, insofar as relevant here, "a remedial statute . . . should be given a broad interpretation . . . in light of its purpose and to 'promote the accomplishment of its beneficent design.'" Seller's Case, 452 Mass. 804, 810 (2008), quoting Neff v. Commissioner of the Dep't of Indus. Accs., 421 Mass. 70, 73 (1995).

2. Violation of the security deposit statute as a defense to possession. The trial judge, without explaining her reasoning, ruled that the tenant's counterclaim for violation of the security deposit statute, while properly asserted as a claim for damages, did not constitute a defense to Meikle's action for possession. This was error.

General Laws c. 239, § 8A, sets forth in broad outline the defenses and counterclaims available to a tenant in a summary process action and, in certain circumstances, authorizes a prevailing tenant to retain possession of the premises. More specifically, G. L. c. 239, § 8A, fifth par., provides in

relevant part:

> "There shall be no recovery of possession under this chapter if the amount found by the court to be due the landlord equals or is less than the amount found to be due the tenant or occupant <u>by reason of any counterclaim or defense under this section</u>. If the amount found to be due the landlord exceeds the amount found to be due the tenant or occupant, there shall be no recovery of possession if the tenant or occupant, within one week after having received written notice from the court of the balance due, pays to the clerk the balance due the landlord, together with interest and costs of suit, less any credit due the tenant or occupant for funds already paid by him to the clerk under this section." (Emphasis added.)

Drawing from the plain language of the statute, a tenant may retain possession only if two conditions are met: (1) the tenant prevails on a counterclaim or defense brought "under this section"; and (2) the damages on that defense or counterclaim exceed the amount due the landlord, or if the damages are less than the amount due the landlord, the tenant pays to the court the amount due within one week. The matter of damages is purely a factual question and needs no further explanation. Therefore, we focus on the specific issue of statutory interpretation presented here: whether we may deem the tenant's counterclaim for violation of the security deposit statute to have been brought "under this section."

To begin the analysis, we accept that the only logical interpretation of the "under this section" language in G. L.

c. 239, § 8A, fifth par., is as a reference to G. L. c. 239, § 8A, first par., the sole statutory provision describing the counterclaims or defenses that may be asserted by a tenant in a summary process action.  The reference to "counterclaim[s] or defense[s] [brought] under this section" without further explication necessarily connects the two provisions.  They are to be read together in determining whether, in a given case, a tenant may defeat a landlord's claim for possession.  We turn then to the definition of counterclaims and defenses in G. L. c. 239, § 8A, first par., taking note that "[w]here the Legislature uses the same words in several sections which concern the same subject matter, the words 'must be presumed to have been used with the same meaning in each section.'" Commonwealth v. Wynton W., 459 Mass. 745, 747 (2011), quoting Insurance Rating Bd. v. Commissioner of Ins., 356 Mass. 184, 188-189 (1969).

a.  General Laws c. 239, § 8A, first par.  Section 8A, first par., specifies that a tenant who faces eviction in a summary process action for nonpayment of rent, or because the tenancy is terminated without fault of the tenant, has the right to raise certain defenses or counterclaims in that proceeding. It provides, in relevant part:

> "In any action under this chapter to recover possession of any premises rented or leased for dwelling purposes, brought pursuant to a notice to quit for nonpayment of

> rent, or where the tenancy has been terminated without fault . . . , the tenant or occupant shall be entitled to raise, by defense or counterclaim, any claim against the plaintiff relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a <u>violation of any other law</u>" (emphasis added).

Based on the plain language of the statute, an actionable counterclaim or defense under this provision must meet two requirements:  (1) the defense or counterclaim must "relat[e] to or aris[e] out of" the tenancy; and (2) the subject matter of the defense or counterclaim must be based on either "a breach of warranty," "a breach of any material provision of the rental agreement," or "a violation of any other law."  <u>Id</u>.

The first requirement, that a counterclaim or defense be related to or arise out of the tenancy or occupancy, reflects the Legislature's concern that summary process actions be unencumbered by landlord-tenant disputes that have nothing to do with the tenancy.  Thus, it imposes an appropriate limitation on the defenses or counterclaims that may be asserted by the tenant.  A counterclaim or defense based on a violation of the security deposit statute fits squarely within this framework; it indisputably relates to or arises out of the tenancy.  The tender of a security deposit by a tenant to a landlord is well established as a prerequisite to most residential tenancies.  The centrality of a security deposit to the landlord-tenant relationship is further evidenced by the Legislature's enactment

of the security deposit statute, G. L. c. 186, § 15B, as part of
an elaborate scheme of rights and duties to prevent abuses and
to insure fairness to the tenant.

The second requirement, that the counterclaim or defense
must relate to a breach of warranty, breach of any material
provision of the rental agreement, or a violation of any other
law, further limits the subject matter of the actionable
counterclaims or defenses to these specific categories.  As
neither a breach of warranty nor a breach of the rental
agreement is applicable here, we consider only whether the
violation of the security deposit statute fits within the
remaining category, "violation of any other law."

Although the Legislature's choice of the phrase "violation
of any other law" suggests that the universe of laws might be
available as the source of a tenant's counterclaim or defense,
we see no need to assume such an intent in this case.  In the
context of a summary process action, we have no difficulty
interpreting the phrase "violation of any other law" to include
any law enacted to protect a tenant's rights in the landlord-
tenant relationship.[7]  See Lawrence v. Osuagwu, 57 Mass. App. Ct.
60, 63 (2003) (interpreting "violation of any other law" to

_____

[7] Our confidence is buttressed by language in the same
paragraph, permitting "such other damages as may be authorized
by any law having as its objective the regulation of residential
premises."  G. L. c. 239, § 8A, first par.

include counterclaim for breach of covenant of quiet enjoyment under G. L. c. 186, § 14).  The security deposit statute is one such law.  Indeed, the security deposit statute has no raison d'être other than to insure fairness to a tenant who pays a sum to the landlord and relies on the landlord's good faith for the return of the portion to which he or she is entitled at the end of the tenancy.

Our cases involving the security deposit statute demonstrate its importance in the scheme of protections afforded a tenant.  This court has recognized for some time that the Legislature views violations of the security deposit statute, G. L. c. 186, § 15B, as serious violations.  See Hampshire Village Assocs. v. District Court of Hampshire, 381 Mass. 148, 151-152, cert. denied sub nom. Ruhlander v. District Court of Hampshire, 449 U.S. 1062 (1980) ("Section 15B is not without reason.  The question of security deposits has long been agitated; the problems are well known; and the Legislature has attempted progressively to deal with them" [footnote omitted]).  Indeed, the security deposit statute provides for treble damages, costs, and attorney's fees.  See G. L. c. 186, § 15B (7).  Thus, it would be contrary to legislative intent to interpret "violation of any other law" in a manner that would undermine a tenant's right to assert the range of protections available under the summary process statute.

The legislative history of G. L. c. 239, § 8A, supports this interpretation.  Within a ten-year time frame, the Legislature acted on more than one occasion to increase the availability of counterclaims to tenants.  See St. 1965, c. 888 (creating counterclaims to allow enforcement of sanitation code); St. 1967, c. 420, § 1 (permitting counterclaims for sanitary code violations in no-fault evictions); St. 1975, c. 467, § 3 (expanding counterclaims to include breach of warranty).  The most substantive expansion occurred in 1977, when the Legislature removed the language that had limited defenses or counterclaims to the condition of the premises and retained the current language permitting "any claim against the plaintiff . . . for a violation of any other law" (emphasis added).  St. 1977, c. 963.  The steady progression in the availability of tenant defenses, culminating in the elimination of conditions-based restrictions, confirms the Legislature's intent to provide tenants with a broad set of defenses and counterclaims in the summary process action, including the defense asserted by the tenant in this case.

b.  Application of G. L. c. 239, § 8A, fifth par.  Having determined that a counterclaim for violation of the security deposit statute may be asserted as a defense to possession, we now address whether the judge properly applied G. L. c. 239, § 8A, fifth par., in granting possession to the landlord.  Here,

the judge's ruling erroneously foreclosed the tenant's right to make payment as required to retain possession of the premises. Where a tenant prevails on a defense or counterclaim and is awarded damages in an amount less than the amount owed to the landlord, the statute provides that "no judgment shall enter until after the expiration of the time for such payment and the tenant has failed to make such payment." Id. Accordingly, the tenant is entitled to the opportunity to pay the amount due within one week and retain possession.

Last, for the sake of clarity, we emphasize that a tenant who retains possession under this provision of the statute does not enjoy that right in perpetuity. The statute does not impose an obligatory tenancy on the landlord. Nothing in the statute prevents the landlord from bringing a second summary process action for possession after he or she has remedied the violation of the security deposit statute. Also, even where the tenant agrees to pay the amount due the landlord to exercise the right to possession, the landlord may thereafter commence a summary process action. We interpret the Legislature's intent in providing for the tenant's right to retain possession as a time-limited equitable remedy for the particular conduct underlying the tenant's defense or counterclaim.

Conclusion. For the reasons explained above, we reverse the judge's order granting possession to the landlord and remand

for entry of an order providing notice to the tenant of the right to retain possession in compliance with G. L. c. 239, § 8A, fifth par.

So ordered.