NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12042


ELNEDIS A. MORONTA  vs.  NATIONSTAR MORTGAGE, LLC, & another.[1]


December 22, 2016.


Consumer Protection Act, Demand letter.


     Elnedis A. Moronta commenced this action in the Superior
Court, alleging that the defendants, Nationstar Mortgage, LLC
(Nationstar), and Fremont Investment and Loan, among other
things, violated his rights under G. L. c. 93A.  Summary
judgment was entered against Moronta on all his claims.  On
Moronta's appeal, the Appeals Court concluded that there was a
genuine issue of material fact as to Moronta's c. 93A claim and
reversed the grant of summary judgment.  Moronta v. Nationstar
Mortgage, LLC, 88 Mass. App. Ct. 621, 622 (2015).  In doing so,
the Appeals Court rejected the defendants' argument that
Moronta's c. 93A claim was barred due to his failure to serve a
demand letter, on the ground that no demand letter is required
under G. L. c. 93A, § 9 (3), where "the prospective respondent
does not maintain a place of business . . . within the
commonwealth," regardless of whether it "keep[s] assets" here.
Moronta, supra at 626 n.11.  We granted Nationstar's application
for further appellate review, and we subsequently limited the
scope of review to issues concerning the demand letter.[2]

_____

     [1] Signature Group Holdings, Inc., successor to Fremont
Investment & Loan.  After the case was entered in this court, a
stipulation of dismissal was filed as to this defendant.

     [2] Our initial order allowing further appellate review was
unlimited as to the scope of review, meaning that all issues
that were properly before the Appeals Court were before us anew.
See Bradford v. Baystate Med. Ctr., 415 Mass. 202, 204 (1993)
("Our general rule is that we shall review all issues that were

The underlying facts of the case are set forth in the Appeals Court's opinion and need not be repeated here. Moronta, 88 Mass. App. Ct. at 622-625. Before us is a purely legal question concerning the correct interpretation of G. L. c. 93A, § 9 (3). The question is whether, as Moronta argues, a plaintiff is excused from serving a demand letter if the defendant lacks either a place of business or assets in the Commonwealth, or whether, as Nationstar argues, a plaintiff must serve a demand letter unless the defendant has neither a place of business nor assets in the Commonwealth. Put another way, the question is this: if the defendant keeps assets in the Commonwealth, but does not maintain a place of business here, must the plaintiff serve a demand letter? We conclude, as did the Appeals Court, that the plaintiff need not do so.

We begin with the "general and familiar rule . . . that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished." Meikle v. Nurse, 474 Mass. 207, 209-210 (2016), quoting Lowery v. Klemm, 446 Mass. 572, 576-577 (2006). In relevant part, § 9 (3) provides, "The demand requirements of this paragraph shall not apply . . . if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth . . ." (emphasis added). The use of the word "or" to separate the prongs of a statute indicates that the prongs are alternatives, that is, that either one would be sufficient on its own and that it is not necessary to establish both. See, e.g., Bleich v. Maimonides Sch., 447 Mass. 38, 46-47 (2006), citing Eastern Mass. St. Ry. v. Massachusetts Bay Transp. Auth., 350 Mass. 340, 343 (1966) (where statute used "or" to specify criteria for religious

before the Appeals Court [and not limit our review just to those issues urged as grounds for further appellate review], unless our order allowing further review indicates otherwise"). However, the parties subsequently filed new briefs in this court that addressed only the demand letter issue, thereby effectively waiving all other issues. See 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 693 n.3 (2012). See also 1 Appellate Practice in Massachusetts § 3.3.3 (Mass. Cont. Legal Educ. 4th ed. 2016). Because it appeared that the parties otherwise accepted the decision of the Appeals Court, we issued an amended order formally limiting the scope of review.

exemption from State unemployment taxation, one criterion -- that school was "principally supported" by religious organizations -- sufficed). If the Legislature had intended to excuse the plaintiff from the demand requirement only where both prongs are satisfied, it could have made this clear by using the word "and."

The grammatical structure of this provision further supports our interpretation. In the dependent clause, "if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth," each of the phrases, "does not maintain a place of business" and "does not keep assets," is a predicate of "the prospective respondent." These two phrases are elements of a parallel series, indicating that they are functional matches of each other and that they serve the same grammatical function in the clause. See The Chicago Manual of Style § 5.212, at 259 (16th ed. 2010). The clause can be rephrased to provide that the demand requirements do not apply "if the prospective respondent does not maintain a place of business within the commonwealth or if the prospective respondent does not keep assets within the commonwealth."[3] So rephrased, the provision clearly excuses the plaintiff from serving a demand letter if the prospective respondent either lacks a place of business in Massachusetts or does not keep assets in Massachusetts.

Our interpretation is further supported by the purposes of c. 93A generally and of the demand letter requirement in particular. "General Laws c. 93A is a 'broad remedial' statute," intended "to deter misconduct" and "to 'encourage vindicative lawsuits.'" Auto Flat Car Crushers, Inc. v. Hanover Ins. Co., 469 Mass. 813, 825 (2014), and cases cited. It protects consumers from unfair conduct and provides them with a remedy. The demand letter requirement is intended to encourage settlement of disputes and to limit damages, not to place an arbitrary obstacle in the consumer's path. Moreover, it is difficult for us to imagine that the Legislature intended, in 1969 when § 9 was added to the statute to provide a private cause of action, that a consumer undertake the formidable task of verifying that a respondent have no assets in Massachusetts before being relieved of having to send a demand letter. Ordinary consumers simply did not have such information available at their fingertips in 1969, and the Legislature surely did not predict that it might become easier to obtain

---

[3] There is no dispute that the territorial limitation, "within the commonwealth," applies to both prongs.

such information years in the future.  In light of these important considerations, we interpret the statute to enable consumers' access to the remedies provided by G. L. c. 93A, not to frustrate it.

Our decision today does not put respondents who are not entitled to receive a demand letter in an appreciably worse position than those who are so entitled.  When any of the exceptions to the demand letter requirement applies, the "respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section."  G. L. c. 93A, § 9 (3).  This permits a respondent to limit its damages even if it is not entitled to receive a demand letter because it maintains no place of business in Massachusetts.

For the foregoing reasons and those stated by the Appeals Court, the judgment of the Superior Court is reversed.

<u>So ordered</u>.


<u>Irene H. Bagdoian</u> for the plaintiff.
<u>Matthew A. Gens</u> for the defendant.