NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-725

25 CENTER ROAD, LLC

vs.

PATRICK JOHN WESTOVER, trustee,[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from the Housing Court entry of a summary judgment for possession in favor of the plaintiff, for a property formerly owned by a trust of the defendant, Patrick Westover (Westover).  We affirm.

Facts.  The defendants reside at 25 Center Road, Shirley. Westover has lived in the home since he was an infant, and then inherited it from his parents.  In 2014, the town of Shirley recorded a tax taking lien against the property.  The plaintiff's predecessor-in-interest, Tallage Davis (Davis), commenced an action in the Land Court to foreclose on the tax lien, and he obtained a judgment against the  trust on January

_____

[1] Of the Westover Family Trust
[2] Patrick John Westover; Doreen J. Williamson, III; Ernest J. Westover, II; Frank L. Westover.

3, 2020. In April 2021, Davis served the defendants with a notice to quit, and then commenced an eviction action in the Housing Court in June 2021. In November 2021, Davis moved for summary judgment on its claim for possession of the property, and substituted the plaintiff, 25 Center Road, LLC, as a party to the case. In March 2022, the defendants filed an opposition to the motion for summary judgment. The Housing Court granted 25 Center Road, LLC's motion for summary judgment, and the defendants timely appealed.

Discussion. We review a decision to grant summary judgment de novo. See Le Fort Enters., Inc. v. Lantern 18, LLC, 491 Mass. 144, 149 (2023). "Summary judgment is appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law. . . . We review the evidence in the light most favorable to the party against whom summary judgment entered." Id. at 148-149, quoting HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 326-327 (2022).

The defendants claim that the underlying Land Court judgment that resulted in the transfer of ownership of the property to Davis is void because they did not receive notice of the foreclosing entity's petition to foreclose. Even if the defendants had presented facts to support their argument, which cannot be found in this record, the Housing Court judge was correct in determining that would still not be valid grounds to

deny the motion for summary judgment. The Land Court "has exclusive jurisdiction of proceedings to foreclose the right of redemption from tax titles under c. 60 . . . . Its decisions or decrees in subject matters within its jurisdiction cannot be attacked collaterally."[3] Bell v. Eames, 310 Mass. 642, 645 (1942). See Tetrault v. Bruscoe, 398 Mass. 454, 460 (1986) ("attack on the integrity of a judgment of registration may only be asserted in Land Court"; Probate and Family Court lacked power to encumber registered land by declaring existence of prescriptive easement). Here, the defendants neither defended their position in Land Court, nor filed a motion for reconsideration or appealed the Land Court's decision. As the Housing Court judge correctly determined, the defendants' argument was an attempt to collaterally attack the Land Court's decision.

The defendants also argue that their claims for unjust enrichment raise issues of material fact precluding entry of summary judgment. General laws c. 239, § 8A, outlines defenses available to tenants facing eviction. "Based on the plain language of the statute, an actionable counterclaim or defense under this provision must meet two requirements: (1) the defense

_____

[3] By statute, the Land Court has exclusive jurisdiction over petitions for "foreclosure of and for redemption from tax titles under chapter sixty." G. L. c. 185, § 1 (b).

3

or counterclaim must 'relat[e] to or aris[e] out of' the tenancy; and (2) the subject matter of the defense or counterclaim must be based on either 'a breach of warranty,' 'a breach of any material provision of the rental agreement,' or 'a violation of any other law.'"  Meikle v. Nurse, 474 Mass. 207, 212 (2016), quoting G. L. c. 239, § 8A.  The final category, "violation of any of other law" has been held to encompass, not "the universe of laws" but instead only "law[s] enacted to protect a tenant's rights in the landlord-tenant relationship." Id. at 212-213.  These include the security deposit statute and the covenant of quiet enjoyment.  Id. at 213

In their answer in the Housing Court, the defendants interposed a defense that they should not be evicted because the foreclosing entity purchased the property for less than fair market value, and that because they have been paying utilities, the appellant has been unjustly enriched.  Even taking these facts in a light most favorable to the defendants, because these arguments do not fall within the ambit of G. L. 239, § 8A, they

4

do not present cognizable defenses to the judgment of possession.

Judgment affirmed.

By the Court (Meade,
  Hershfang & D'Angelo, JJ.[4]),

_Joseph F. Stanton_

Clerk

Entered:  October 6, 2023.

---

[4] The panelists are listed in order of seniority.