NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1014

ANGELA GEWECKE & others[1]

vs.

EVAN SMITH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Evan Smith, appeals from a judgment issued by a judge of the Housing Court in favor of the plaintiffs for possession of 42R Cape Street in Goshen (premises).  We affirm.

Background.  The trial judge found the following facts. Evan Smith is the brother of Jamie Smith, Molly Smith, and Johannah Roberts.[2]  Angela Gewecke is their aunt.  The premises are part of a parcel of land (property), which at the time of trial, was owned in equal parts by Gewecke, on the one hand, and Jamie, Molly, and Johannah on the other hand.  In 2017, Gewecke

_____

[1] Jamie Smith, Molly Smith, and Johannah Roberts.

[2] Because some of siblings share a last name, we refer to all of them hereafter by their first names.

allowed Evan to move into the premises. In exchange, Evan agreed to pay for his utilities at the premises. Gewecke intended to allow Evan to live at the premises until Molly moved to the premises from New Jersey. During much of the relevant time period, Evan sporadically resided at the premises. Jamie lived at another residence on the property. Evan had interactions with Jamie's dog that made him uncomfortable. For some of the time that Evan resided at the premises, mice were present in the basement. Evan lost access to water at the premises for one day due to an accidental "shut-off." At some point, Evan's access to the barn on the property was blocked.

On March 25, 2022, Evan received a ninety-day notice to quit the premises. Evan did not relinquish possession at the end of the notice period. On July 22, 2022, the plaintiffs filed this summary process action. Evan counterclaimed and defended the action on the grounds that the plaintiffs breached the warranty of habitability and the covenant of quiet enjoyment. After a bench trial, the judge issued a judgment for possession in favor of the plaintiffs.

Discussion. We review a trial judge's findings of fact for clear error. See H1 Lincoln, Inc. v. South Washington St., LLC, 489 Mass. 1, 13 (2022). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

2

conviction that a mistake has been committed" (citation omitted).  Id.  We review the judge's legal conclusions de novo.  See Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 186 (2016).

A tenant at sufferance has the right to defend against a landlord's claim of possession.[3]  Meikle v. Nurse, 474 Mass. 207, 209 n.3 (2016).  "[I]f a tenant raises a defense or counterclaim within the meaning of [G. L. c. 239,] § 8A[,] the judge must first determine whether the landlord is liable on the defense or counterclaim."  Ferreira v. Charland, 103 Mass. App. Ct. 194, 207 (2023).

1.  Warrant of habitability.  The implied warranty of habitability requires the landlord to "maintain a rented unit, [a]t a minimum, in compliance with the State sanitary code" (quotation and citation omitted).  South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 462 (2017).  Although a sanitary code violation "may provide compelling evidence that a dwelling is not habitable," the issue is "whether the premises are fit for human habitation, not merely

---

[3] The judge found that Evan was a tenant at sufferance.  Evan asserts that he was a tenant at will.  For the purposes of this appeal, the distinction is irrelevant because under G. L. c. 239, § 8A, both tenants at will and tenants at sufferance may raise defenses and counterclaims in response to summary process actions.  See Deutsche Bank Nat'l Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 572-573 (2012).

. . . whether the landlord committed a code violation." Goreham v. Martins, 485 Mass. 54, 65 (2020). "The warranty of habitability applies only to substantial violations or significant defects" (quotation and citation omitted). Id.

Evan contends that the judge disregarded evidence of the mice on the premises and of the interruption of water service. We disagree. The judge explicitly considered evidence of the presence of mice, found that the credible evidence failed to show a serious infestation of mice, and concluded that the presence of the mice was not a substantial violation of the State sanitary code. The judge's findings are supported by the evidence. On July 29, 2022, Evan contacted the local health department to request an inspection of the premises. On August 4, 2022, the local health director issued a correction order requiring the plaintiffs to prevent mice from entering the premises. On October 27, 2022, the plaintiffs' contractors removed damaged insulation and sealed gaps in the premises. After the issue did not abate, the plaintiffs hired a pest control company to treat the premises. By December 21, 2022, the issue was resolved.

Similarly, the judge concluded that the short period that the premises were without water did not impair the premises' rental value and thus did not breach the warranty of habitability. On August 30, 2022, access to water at the

4

premises was inadvertently shut off and then restored the next day.  The judge's findings were supported by the evidence, and Evan points to no evidence to the contrary.  See Robert & Ardis James Found., 474 Mass. at 186 ("credibility of the witnesses rests within the purview of the trial judge").

2.  Quiet enjoyment.  The covenant of quiet enjoyment "guarantees tenants the right to be free from 'serious' interferences with their tenancies."  Jablonski v. Clemons, 60 Mass. App. Ct. 473, 476 (2004), quoting Simon v. Solomon, 385 Mass. 91, 102 (1982).  See G. L. c. 186, § 14.  "A landlord violates G. L. c. 186, § 14, when its acts or omissions impair the value of the leased premises" (quotation and citation omitted).  Jablonski, supra.

With respect to this claim, Evan asserts that the judge disregarded evidence of his being locked out of the barn, "harassment" by Jamie's dog, and the interruption of water service.  We discern no error in the judge's conclusion that Evan failed to provide credible evidence that he was entitled to exclusive access to the barn.  The judge's finding that the unpleasant interactions between Evan and Jamie's dog were relatively minor was also supported by the evidence.  At times, Jamie's dog was not leashed and barked at Evan, making him uncomfortable.  Although the animal control department contacted Jamie, the department did not warn or order Jamie to do anything

5

differently with respect to her dog.  The judge credited Jamie's testimony that she made reasonable efforts to control her dog.

Further, the evidence supported the judge's finding that the interruption in water service was short-lived, accidental, and not caused by negligent or intentional conduct.  Thus, the judge did not err by concluding that Evan failed to demonstrate that the plaintiffs interfered with his right to quiet enjoyment of the premises.  See Jablonski, 60 Mass. App. Ct. at 476.

Conclusion.  Because Evan failed to establish any defense or counterclaim, the judge did not err by entering judgment for possession in favor of the plaintiffs.  See Ferreira, 103 Mass. App. Ct. at 207 (tenant not entitled to retain possession where he failed to prove defense or counterclaim).

Judgment affirmed.

By the Court (Massing, Walsh & Brennan, JJ.[4]),

Paul Sutter

Clerk

Entered:  February 14, 2025.

---

[4] The panelists are listed in order of seniority.

6